# GRAFTON,

## JULY TERM, A. D. 1860.

## ROGERS *v.* MITCHELL.

Upon a hearing on bill and answer, the allegations of the answer must be taken to be true, because the defendant is precluded from proving them.

Though all the allegations of a bill are admitted by the answer, yet if any fact, material as a defence, is stated in the answer, a replication should be filed, to give the defendant an opportunity to prove it, if it is not intended to be admitted.

A specific performance of a contract will not be decreed in favor of one who is chargeable with any fraud or unfairness in relation to the contract.

Where it was agreed in writing, between the parties to a mortgage for the payment of certain notes in three years, that the mortgagor might cut and haul off timber from the mortgaged premises, and should have the privilege of selling the property to pay the mortgage debt, for one year after the three years, it was *held*, that a suit to foreclose was premature in equity before the end of that year.

IN EQUITY. The bill stated that on the 9th of February, 1856, the plaintiff, Charles Rogers, owing the defendant, Cyrus M. Mitchell, $1000, gave his note for that sum, payable in three years, and mortgaged to him 1250 acres of land in Waterville, and his homestead farm in Plymouth and Bridgewater, to secure that note, payable in three years.

It was at the same time agreed in writing that Mitchell should have his choice of half the timber land in Waterville deeded to him, on giving up the note within three years. If he did not so choose, Rogers should have the privilege of selling the mortgaged premises for one year

after three years, to pay the note; that Mitchell should have half the gain on the Waterville land over $2000, until the note was paid; that Rogers might cut and haul off timber from the Waterville land, on the half that Mitchell did not elect for himself. The note, mortgage and agreement were made at the same time, bore the same date, and constituted one entire agreement. Mitchell had not elected to take the timber land in Waterville, nor offered to give up the note, or take a deed, though Rogers had been always ready to make one; but on the 10th of March, 1859, brought suits to foreclose the mortgage and collect the note, which he was pressing to judgment. The property was worth more than the amount of the debt, and Rogers desired to sell it. He claimed that the agreement gave him a further time of one year after the expiration of the three years limited in the note and mortgage. Mitchell knew this, and was in equity estopped from foreclosing in the manner aforesaid.

The bill prayed an answer, injunction, and further relief.

The answer admitted the allegations of the bill, except in the particulars following. The defendant denied that the note, mortgage and agreement were so made and executed as to constitute one agreement; denied that Rogers understood, or that it was true that Mitchell, by the agreement, gave a further time of one year, after the expiration of the three years mentioned in the note and mortgage; denied that he understood or knew that by the agreement he gave Rogers such further time, or that he was in equity estopped from foreclosing, or that the agreement in any way affected his rights under the mortgage. He said that at the time of making the note, &c., and since, he understood he did not give Rogers an absolute right to sell said timber land in Waterville, but only gave him a privilege to negotiate a sale, if he could, for enough to pay the mortgage debt; and that he, when such nego-

tiation was effected, was to ratify the sale and give up the note and mortgage, on payment of his debt, and that he was ready, and always had been, to do so on payment of his debt. He denied that by the agreement he extended the time of payment of the note, or intended to do so, or to deprive himself of his right to bring a suit to foreclose and take the profits of the land.

He denied that the property Rogers was entitled to sell was worth the amount of the debt, or more, or that Rogers could sell it for a sum sufficient to pay said debt. He averred that at the time of executing said note, &c., Rogers represented the Waterville land to be worth two thousand dollars; that it could readily be sold for that sum; that he was induced to execute the agreement by those representations, but that it was not worth, and could not be sold for that sum, then or since, or for enough to pay the mortgage debt. Those representations were untrue, and he was deceived by them. The said timber land then and since had not been worth $500. Rogers' title to it was uncertain and disputed, and since that time a large part of it had been sold for taxes, and his security was not more than enough to pay his mortgage, if he could immediately receive the rents and profits. He said there was on said Rogers' homestead farm a mortgage for $1000, and Rogers told him he should apply the $1000, loaned by him, to pay off said prior mortgage, and he loaned it relying on said promise; but the money was not so applied, and the mortgage was still outstanding.

*Burrows*, for the plaintiff.

*J. Clark*, for the defendant.

BELL, C. J. It is important to the plaintiff, in deciding whether to set down a cause upon bill and answer, or to reply, to bear in mind that in a hearing upon a bill and

answer, the answer will be taken to be true in every point, because the defendant has been precluded from substantiating it by evidence. He should, therefore, look attentively into the answer, and see that the effect of the defendant's admissions is not avoided by any matter there introduced. If such should be the case, he should reply. And though he should need no witness on his part, yet it may be necessary to reply, for the purpose of putting the defendant to prove the allegations of his answer; as where he confesses the matter alleged by the plaintiff, but sets forth some further matter in bar of the plaintiff's equity. 2 Dan. Ch. Pr. 966 and 985, note; *Mason* v. *Wright,* 14 Vt. 208; *Dale* v. *McEvors,* 2 Cow. 124.

The purpose of this bill is to compel the defendant to allow to the plaintiff an additional year beyond the time expressed in the note and mortgage, by an injunction against prosecuting his actions. The plaintiff claims that the defendant has estopped himself by his agreement to require the payment or foreclosure of his mortgage until this additional year has expired. It is in effect a bill to compel the defendant here specifically to perform his contract with him.

As the specific performance of a contract in equity is not of course, if there is any thing inequitable in it, the court will withhold its assistance, and leave the parties to their legal remedies on the agreement. A court of equity will never exert this extraordinary branch of its jurisdiction in a case where the party who asks its assistance is chargeable with unfair conduct in relation to the contract which he seeks to enforce. Bright. Eq. Jur. 190, 191. The court will not decree a contract affected with fraud. Jer. Eq. Jur. 442. A defendant to a bill for a specific performance of an agreement is allowed to resist it by showing that under the circumstances the plaintiff is not entitled to the prayer of his bill, as by evincing that it is unconscientious or unreasonable, or by showing fraud or

surprise, or that there has been concealment or misrepresentation, whether willful or not, or any unfairness attending it. 1 Mad. Ch. 405. Specific performance of any agreement is never compelled unless the case is clear of the imputation of any deception. The conduct of the party seeking it must be free from all blame. Misrepresentation, even as to a small part of the subject only, will exclude him from relief. 2 Hov. Fraud 4; 1 Hill. V. & P. 437.

The answer here admits all the matters of fact alleged in the bill, and merely denies the construction and effect claimed for the agreement, that it gave to the plaintiff an additional year for the payment of the debt, and operated as an equitable estoppel to enforce the payment of the debt, or to foreclose the mortgage within that time. It denies any knowledge, understanding or belief, on his part, that it could have any such effect.

But the answer then sets up several matters in bar of the equity of the plaintiff's bill. He says that at the time of executing the note, mortgage and agreement, Rogers represented the Waterville land to be worth $2000, and that it could be readily sold for that sum, and that on account of those representations he was induced to execute the agreement, but that it was not worth, and could not be sold then or since for that sum, or for enough to pay the mortgage debt; that these representations were untrue, and he was deceived by them. The timbered land, then or since, has not been worth $500. He says, then, that Rogers' title to this land is uncertain and disputed, and since that time a large part of it has been sold for taxes, and his security is not more than enough to pay his mortgage, if he could immediately receive the rents and profits of it. He alleges that there was then on said Rogers' homestead farm a mortgage for $1000, and Rogers told him he should apply the $1000, loaned by him, to pay off the prior mortgage; that he made the loan relying on that promise; but the money was not so applied, and the mortgage is still outstanding.

It would seem the plaintiff must have overlooked this direct charge of fraud and fraudulent breach of contract, when he set the case down for a hearing on bill and answer, and thereby admitted their truth, since the plaintiff must be clearly barred to maintain the bill by this gross fraud and manifest unfairness.

If the answer, instead of setting up this fraud and breach of agreement, had simply admitted the facts alleged in the bill, the case sought to be laid before us, as we suppose, would have been presented.

The note and mortgage were in terms payable in three years. The agreement was that Mitchell should have half the Waterville land in payment of his debt, if he so elected at any time within the three years. If he did not take the land, Rogers should have the privilege of selling the property described in the mortgage at any time within a year after the three years, to pay the note and interest, and to cut and haul off timber from the land in Waterville, the half that Mitchell did not select for himself; Mitchell to have half of the gain on the Waterville land, over $2000, till the note was paid.

The indefiniteness of this agreement is the cause of this lawsuit. On the one side, it is contended that the agreement gave the plaintiff a further time of a year, after the expiration of the three years, for the payment of his debt, and therefore the actions on the note and mortgage are brought before any right of action accrued, and should therefore be enjoined; while on the other side it is insisted that by the agreement no absolute right to sell the timber land was given, but only a privilege to negotiate a sale, if he could, for a sum sufficient to pay the debt, upon which and payment of his debt, Mitchell was to release his claim, and that no extension of the time of payment was agreed or intended, or of the time of foreclosure, or of the time of taking the profits.

The last construction is open to the observation, that it

---
Rogers *v.* Mitchell.
---

is not seen what change, or that any change is then made by the agreement in the rights of either party, from what they would otherwise have been; while it is clear that if practicable the agreement is to have some effect given to it.

By the agreement it seems to have been intended that Rogers might cut and haul off the timber from half the land in Waterville, and it would be quite natural to understand that for this purpose he should retain possession of the land; since otherwise, after a recovery of the premises by the mortgagee by a suit, he could hardly enter for such a purpose without a trespass. If so, the stipulation would be in effect an agreement that Rogers should retain possession till the year after the three years expired.

Every mortgagor has by law the right to redeem his land within sixty days and one year after the conditional judgment is entered, and during that time to negotiate a sale of the land, if he can obtain enough to pay the debt. It could not have been any part of the purpose or object of the agreement to secure either of these rights. To give them that construction would be to deny them any effect. And if not, the only alternative is the construction that the plaintiff should have a year more to pay his debt, during which he should retain possession of the property.

Upon this view, the suits on the notes and mortgage seem both prematurely brought, and might, upon the facts stated in the bill, be properly enjoined.

The practice is to allow the plaintiff, in general, where a cause has been brought to a hearing on bill and answer, and he fails to make out his case for want of a full admission of it by the answer, to reply, if he desires it, on paying such costs as the court thinks fit. 2 Dan. Ch. Pr. 1190.

Upon the case as it stands the bill must be dismissed.

*On motion, leave to reply was granted.*