Belknap,
Dec., 1897.

### SANBORN *v.* LADD.

A note payable on demand, a mortgage securing the payment of the note, and a contemporaneous written agreement providing that if the mortgagor shall, during his life, pay the mortgagee or her legal representative five dollars a month and keep the buildings on the mortgaged premises reasonably insured for her benefit, the mortgage shall not be foreclosed, but if he shall die or make default in these matters. " the payment of the note or foreclosure would be demanded," are construed as one contract; and the employment of three papers, instead of two, to express it does not impair its validity or change its effect.

A default by the mortgagor in the making of the monthly payments causes the principal of the note to become due, and renders the right to foreclose the mortgage complete.

WRIT OF ENTRY, to foreclose a mortgage. BILL IN EQUITY, by the defendant, praying for an injunction to restrain the plaintiff from prosecuting the action. Facts found by the court.

June 12, 1894, the defendant, being indebted to the plaintiff
in the sum of $2,500, gave her a note of that date for that sum,
payable on demand without interest, and a mortgage of the land
described in the writ to secure the payment of the note.   As a
part of the same transaction, the plaintiff gave the defendant a
writing, as follows: "It is agreed by the undersigned that if
Daniel T. Ladd . . . shall pay to her the sum of five dollars per
month, or to her executor or administrator, or legal representa-
tive, during his life, the mortgage this day given her . . . by
said Ladd to secure the payment of his note to her for twenty-
five hundred dollars, without interest, shall not be foreclosed,
and the said Ladd shall not be disturbed in the peaceable pos-
session thereof, provided he, the said Ladd, shall at all times
keep the buildings reasonably insured, the insurance to be paid
to her in case of loss.   The meaning and intent of this agree-
ment is that if the said Ladd will pay and insure as aforesaid,
he may occupy the premises during his life; if he should die or
fail in his payments or to keep the buildings insured, then the
payment of the note or foreclosure would be demanded."

The defendant failed to make the monthly payments becom-
ing due between December, 1895, and September, 1896, al-
though several times requested to pay them.   After the plain-
tiff's action was begun he offered to pay them, but the plaintiff
declined to receive payment.   The plaintiff made no demand for
payment of the principal of the note prior to the commencement
of her action.   She moved for conditional judgment, and the
defendant moved for leave to pay the monthly installments in
arrears, with interest and costs, and for an injunction to restrain
the plaintiff from prosecuting her action so long as he continued
to perform the agreement.

*Jewell, Stone, Owen & Martin*, for the plaintiff.

*E. A. & C. B. Hibbard*, for the defendant.

CHASE, J.   By the terms of the note, the principal is not on
interest, but the contemporaneous agreement requires the pay-
ment of five dollars a month, which amounts to sixty dollars a
year or $2\frac{2}{5}$ per cent of the principal.   By the note, the principal
is payable on demand; but by the agreement, the payment, so
far at least as it relates to a foreclosure of the mortgage, is post-
poned until the decease of the defendant, or until he shall make
default in paying the monthly installments or keeping the build-
ings upon the mortgaged premises reasonably insured for the
plaintiff's benefit.   Construing the note and mortgage as em-
bracing the contemporaneous agreement (*Hill* v. *Huntress*, 43
N. H. 480), the note is payable, with interest monthly at the

rate of $2\frac{2}{5}$ per cent per annum, on demand after the decease of the defendant if the interest is paid when due, and if not, on demand after a default in the payment of interest; and the mortgage secures the payment of the note and the performance of the defendant's agreement in respect to insurance. The mortgage could not be foreclosed so long as the defendant made payments and kept up the insurance according to his agreement. The employment of three papers, instead of two, to express the contract, does not impair its validity or change its effect. There having been a default in the making of the monthly payments, the principal is due by the terms of the contract.

The right thus secured to the plaintiff is as reasonable and equitable as the right of the defendant to have the payment of the principal postponed until his decease, if he made the monthly payments in accordance with his agreement. The parties having entered into the contract uninfluenced by any fraud, it governs their rights, and there is no ground on which equity can interfere with the enjoyment of them. The plaintiff is not insisting upon a forfeiture of a right possessed by the defendant, but upon the payment of a debt due her by the terms of the contract. The defendant can redeem the land from the mortgage by paying the note. His obligation to pay the principal having become complete before the action was begun, no prior formal demand of payment was necessary. *Watson* v. *Walker*, 23 N. H. 471, 493.

The plaintiff is entitled to conditional judgment upon the mortgage, treating the principal of the note as due.

*Case discharged.*

WALLACE, J., did not sit: the others concurred.