May 27, 1925, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the defendant to retire for physical disability a public school teacher as of the date of her application therefor and, she having died within sixteen days of her application, to pay to her beneficiary the amount of said retirement allowance.

*Gerald W. O'Connor, Thomas O'Connor, George E. O'Connor* and *John T. Norton* for appellant.

*Frank B. Gilbert, Irwin Esmond* and *Raymond F. Allen* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

CLARA F. KETCHAM, Respondent, *v.* FRED B. WILBUR, as Executor of MARY B. HAND, Deceased, Appellant.

MARY D. KETCHAM, an Infant, by CLARA F. KETCHAM, Her Guardian ad Litem, Respondent, *v.* FRED B. WILBUR, as Executor of MARY B. HAND, Deceased, Appellant.

*Decedent's estate — action to recover upon alleged contract to bequeath amount sufficient to pay for care and support of infant and to leave to infant amount sufficient for maintenance and education during minority.*

*Ketcham* v. *Wilbur* (2 cases), 214 App. Div. 754, affirmed.

(Argued October 5, 1925; decided October 20, 1925.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 6, 1925, which affirmed an order of Special Term denying a motion by defendant for a dismissal of the complaint. The actions were brought to recover upon an alleged contract whereby, it was alleged, defendant's testator promised and agreed, in consideration of the adoption by the plaintiff Clara F. Ketcham of the infant Mary D. Ketcham, that she would leave by her will to said Clara F. Ketcham a sum sufficient to compensate her for the care and maintenance of said infant to the

time of the death of testator and to said Mary D. Ketcham a sum sufficient to support and educate her until she should come of age.

The following question was certified in both actions: " Should the motion of the defendant to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, have been granted? "

*George H. Sears* for appellant.

*James E. Newell* for respondents.

Order in each case affirmed, with costs, and question certified in each case answered in the negative; no opinion.

Concur: CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: HISCOCK, Ch. J., and McLAUGHLIN, J., in last case.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DE LA VERGNE MACHINE COMPANY, Respondent, *v.* WALTER W. LAW, JR., et al., Constituting the State Tax Commission of the State of New York, Appellants.

*Tax — franchise tax — entire stock of corporation owned by Federal government and plant used in manufacture of war material — when taxable status determined — validity of franchise tax for year during part of which government was owner.*

*Matter of De La Vergne Machine Co.* v. *State Tax Comm.*, 211 App. Div. 227, affirmed.

(Argued October 5, 1925; decided October 20, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 13, 1925, which annulled, on certiorari, a determination of the State Tax Commission imposing a franchise tax, under article 9-A of the Tax Law, upon the relator for the year commencing November 1, 1919, and ending October 31, 1920. The Federal government was the owner of all of the stock of the relator from November 7, 1917, until January 6, 1920, and used its plant for the manufacture of materials used in the construction of torpedo boat destroyers. The Appellate Division held that the taxable status of the company was determinable