LEON WEINBERGER, an Infant, by MITZI WEINBERGER, His Guardian ad Litem, Respondent, *v.* LOUIS VAN HESSEN, Appellant.

(Argued October 3, 1932; decided November 22, 1932.)

*Jacob J. Alexander* and *Emanuel Schwach* for appellant. The complaint does not state facts sufficient to constitute a cause of action in equity. (*Mahaney* v. *Carr*, 175 N. Y. 454; *Hayden* v. *Hayden*, 8 App. Div. 547; *Todd* v. *Weber*, 95 N. Y. 181.)

*Abraham Reiss* and *Harold Greenberg* for respondent. The doctrine that mutuality of remedy must exist at the time of the consummation of a contract as a condition

precedent to the granting of equitable relief, to one of the parties has been repudiated. (*Epstein* v. *Gluckin*, 233 N. Y. 490.) The contract in suit is an agreement based on a valuable consideration and enforcible as such. It is also a valid contract for the sole benefit of a third party. (*Winne* v. *Winne*, 166 N. Y. 263; *Healy* v. *Healy*, 31 Misc. Rep. 636; *The Rector* v. *Teed*, 120 N. Y. 583; *Pierson* v. *March*, 82 N. Y. 503; *Jones* v. *Phœnix Bank*, 8 N. Y. 228; *Williams* v. *Cowardine*, 4 Barn. & Ald. 621; *Ryer* v. *Storkwell*, 14 Cal. 134; *Freeman* v. *City of Boston*, 4 Metc. 56; *Gilmore* v. *Lewis*, 12 Ohio, 281; *Thatcher* v. *England*, 3 C. B. 254.) Where one person makes a promise to another for the benefit of a third person, that third person may maintain an action upon it. (*Searve* v. *Ransom*, 224 N. Y. 233; *Lawrence* v. *Fox*, 20 N. Y. 268; *Schermerhorn* v. *Vanderheyden*, 1 Johns. 140; *Brewer* v. *Dyer*, 7 Cush. 337; *Dutton* v. *Poole*, 2 Lev. 210; *Todd* v. *Weber*, 95 N. Y. 193; *Vrooman* v. *Turner*, 69 N. Y. 280; *Barlow* v. *Myers*, 64 N. Y. 41; *Coster* v. *Albany*, 43 N. Y. 399; *Secor* v. *Lord*, 3 Keyes, 525; *Hamilton* v. *Hamilton*, 127 App. Div. 871.) The infant plaintiff may maintain an action on the contract made for his benefit since he is a child of the promisee. (*Buchanan* v. *Tilden*, 158 N. Y. 109; *Babcock* v. *Chase*, 92 Hun, 264; *Knowles* v. *Erwin*, 43 Hun, 150; 124 N. Y. 633; *Daily* v. *Mimmick*, 117 Iowa, 563.)

CROUCH, J. The complaint alleged, in substance, the following facts: On September 3d, 1929, the infant plaintiff was being supported in Holland by an uncle, in whose custody and care he then was. On that day the defendant entered into an agreement with the plaintiff's mother to the effect that if she would go to Holland, induce her brother to surrender the custody of the infant, bring the infant to New York and permit the defendant thereafter during the natural life of the infant to direct his education and control his religious and moral upbring-

ing, the defendant would, during his natural life, support
him and direct his moral education and training — the
defendant at all times to have access to the infant so
that he might enjoy his companionship and society.
The mother did go to Holland and induced her brother to
surrender the care, custody and control of the infant,
thereby depriving him of the support and maintenance
which he was receiving from his uncle. She brought
the child to New York in November, 1929, and placed
him in the care of the defendant. Thereafter the defend-
ant attended to the religious training and education of
the child, and had his companionship and society, con-
tributing to his care, maintenance and education $6,000
per annum. Since September 15th, 1931, defendant has
failed and refused to perform the terms of the agreement.
The infant plaintiff and his mother have performed all
the terms of the agreement on their part, and are ready,
able and willing to continue performance. It is then
alleged that the plaintiff has no adequate remedy at law.

Defendant moved to dismiss the complaint for insuffi-
ciency. The motion was denied, and the order of denial
was affirmed by a divided court in the Appellate Division,
which has certified to this court the following question:
" Does the complaint state facts sufficient to constitute
a cause of action in equity? "

The difference of opinion in the Appellate Division was
over the question of mutuality of remedy. There was
no promise, it is said, by the child or his mother, under
which defendant could have an enforceable right to direct
the child's education and to control his religious and
moral upbringing. Whether there was a promise or
not may be debatable. (*Wood* v. *Duff-Gordon*, 222 N. Y.
88.) But even though there was none, the contract
has been performed up to the present; and the child and
his guardian have assumed the duty of performance by
invoking the aid of equity. Their continued performance
may be made a condition of the decree, if a decree be

entered. (*Epstein* v. *Gluckin*, 233 N. Y. 490; *Codding* v. *Wamsley*, 1 Hun, 585; affd., 60 N. Y. 644.) The contract does not differ essentially from those considered in *Winne* v. *Winne* (166 N. Y. 263); *Healy* v. *Healy* (166 N. Y. 624) and *Ketcham* v. *Wilbur* (241 N. Y. 516). The fact that the agreement here is still partly executory does not serve to distinguish this case from those. (*Q. R. S. Co.* v. *Phillips-Jones Corp.*, 194 App. Div. 170; affd., 233 N. Y. 626.) Suit may be maintained under the contract by plaintiff. It is sufficient that there is a close relationship between the promisee and the beneficiary, without the necessity of relationship between the promisor and beneficiary. (*Seaver* v. *Ransom*, 224 N. Y. 233; *DeCicco* v. *Schweizer*, 221 N. Y. 431.)

It is further said that specific performance will not lie under the facts pleaded since the contract calls only for payments of money and those payments are to continue over a lifetime. The point is not without difficulty. The mere fact of infancy does not serve as a ground for suit in equity. But while the contract does not deal with the full custody of the child, it is concerned not only with the material matter of physical maintenance, but also with the mental, moral and religious training of the child. Any decree made herein must to some extent regulate the intercourse between plaintiff and defendant. While the court will not take the question of a child's religious education into its own hands, short of circumstances amounting to unfitness of the custodian, it must on occasion decree partial custody, including the right of religious education according to the views of the custodian. No question of public policy arises out of this phase of the contract. Agreements between parents for a particular sort of religious upbringing have in general been held valid in this country. (See 29 Harvard Law Rev. 485; *Denton* v. *James*, 107 Kan. 729.) We have then a case probably falling within the traditional jurisdiction of the chancery (3 Pomeroy on Equity Jurisprudence

[4th ed.], §§ 1303–1310), although the defendant is not a relative of the child.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.