Hillsborough,
No. 4432.

CHARLES A. GREGOIRE *v.* JOSEPH A. PARADIS & a.

Argued October 4, 1955.

Decided October 24, 1955.

*Albert J. Lipnick, J. Leonard Sweeney* and *Robert H. Temple* (*Mr. Temple* orally), for the plaintiff.

*Leonard Velishka* and *Aaron A. Harkaway* (*Mr. Harkaway* orally), for the defendants.

BLANDIN, J. The single exception transferred is to the Court's denial of specific performance. It is axiomatic that the granting of such relief is discretionary with the Court depending upon the circumstances of the case and is not a matter of right. *Bourn* v. *Duff*, 96 N. H. 194, 200, and authorities cited. Ordinarily, unless it is impossible to do so, in a contract for the sale of land relief will be granted if the property can be identified with reasonable certainty, but where it cannot specific performance will not be decreed. Restatement, Contracts, *s.* 370; 49 Am. Jur. 34-36.

In the present case the matter turns on the wording of a contract dated September 28, 1949, supplementary to the original one and also written by the plaintiff in an attempt to clarify the description, which reads as follows: "said three acres situated and bounded as follows on the east side of road leading from Nashua, N. H. to Lowell, Mass., bordering on property of Walter Snyder formerly owned by Wm E. Young thence to southeast (sic) to property formerly owned by Leroy S. Vinal and now owned by Ferdinand J. and Claudia C. Gagne at iron pipe set in the ground at northeast corner of land, thence southeast to bounds to be designated by surveyers to amount of three acres." No survey as provided for in this agreement was ever made, and the plaintiff admitted in his testimony that the description did not make it clear what the parties had in mind. The plaintiff claimed the three acre parcel was on the "front of the land" and "faced the highway," while the defendant Joseph, who testified that he did not read English, insisted it was "on the back" of the twelve acre lot and away from the road.

In October, 1949, shortly after the signing of the supplemental contract, the defendant, Marie Paradis, wife of Joseph, bought the property from the owner lessor because, as the defendants claim, Joseph was unable to get sufficient credit to make the purchase himself. On October 20, 1950, Marie mortgaged the property to the Nashua Cooperative Bank for the purpose of constructing or repairing a house which the defendants were erecting as they say on a part of the plot demanded by the plaintiff. The plaintiff was aware that this house was being built at the front of the lot either "on or near" the three acres which he claims, but he took no action to enforce his rights until some years later when the present petition was filed on September 24, 1953. It further appears that two acres were sold from the southeast corner of the twelve acre plot some time prior to the bringing of the petition. Because of

these changes it became impossible to make a conveyance of three acres within the general limits of the agreement.

In all the circumstances including the uncertainty and incompleteness of the agreement, we believe we need not labor the point that the Court committed no abuse of discretion when it denied specific performance. *Allen* v. *Newmarket Associates,* 95 N. H. 121; 49 Am. Jur. 34-36. The burden was on the plaintiff to establish the boundaries of the lot with reasonable certainty and it was no function of the Court to do this for him. *Adams* v. *Mellian,* 99 N. H. 140; Restatement, Contracts, *s.* 370. Not only, as previously mentioned, had there been no survey made but no definite guides were set up for a surveyor to follow, and the case in this respect seems similar to that of *Wardlaw* v. *Wardlaw,* 182 Ga. 209, where specific performance was denied. The situation is clearly distinguishable from authorities cited by the plaintiff where either the party requesting specific performance had gone into possession and made improvements (*Prater* v. *Miller,* 10 N. C. 628) or sufficient boundaries had been agreed upon so that the final line could be easily determined as in *Asberry* v. *Mitchell,* 121 Va. 276.

We cannot be certain from the record whether the Court finally decided not only that the alleged agreement was too uncertain to permit the granting of specific performance but also so indefinite as to preclude all relief. Nevertheless the denial of specific performance does not necessarily bar the right to damages. Restatement, Contracts, *s.* 370, *comment* b. If the plaintiff seeks to amend to recover damages, the Trial Court can determine first, whether justice requires that the plaintiff now be allowed to reopen the case on this question (*Chartier* v. *Marshall,* 51 N. H. 400), and if so, secondly, whether the evidence permits the reckoning of damages with reasonable certainty. *Lupien* v. *Rousseau,* 98 N. H. 459. If so, they may be assessed; if not, there should be a decree for the defendant.

*Remanded.*

All concurred.