Hillsborough,
No. 4706.

GULF OIL CORPORATION

*v.*

WILLIAM C. RYBICKI & *a.*

Argued February 4, 1959.

Decided April 7, 1959.

*Booth, Wadleigh, Langdell, Starr & Peters (Mr. Starr orally), for the plaintiff.*

*Green, Green, Romprey & Sullivan (Mr. Samuel Green orally), for the defendants.*

LAMPRON, J. The granting of specific performance of a contract rests in the sound discretion of the Court which grants or withholds the relief according to all the circumstances of the case. *Bourn* v. *Duff*, 96 N. H. 194, 200; *Gregoire* v. *Paradis*, 100 N. H. 21, 22. When, as in this case, the Trial Court has ordered specific performance the decree will be sustained unless it appears upon the record to have been unsupported by the evidence or to have been based upon untenable grounds. *Manchester Dairy System* v. *Hayward*, 82 N. H. 193, 205.

When land is the subject matter of the agreement, the inadequacy of the legal remedy is well settled and specific performance will be decreed unless there are circumstances which make it inequitable or impossible to do so. *Kann* v. *Company*, 81 N. H. 535, 541; *Gregoire* v. *Paradis, supra.*

The following reasons are advanced by the defendants for

setting aside the decree. William, as found by the Trial Court, "is foreign born and does not understand, read or write the English language except to a limited degree." The lease was drawn by Gulf, and the clause in question was explained to him by its representatives and he understood he was bound to sell only if he so desired. Because of the above, the difference in intelligence levels between the parties and the fact that the lease contained a 30-day cancellation clause which could be exercised by the plaintiff only, defendants maintain that the granting of specific performance would be unconscionable and inequitable and would work an unreasonable hardship on them.

There was evidence to support the following findings made by the Trial Court.

"Before the lease was executed by the Petitionees, a first draft of a proposed lease prepared by Petitioner was examined by Petitionees' banking representatives, after which a final draft was prepared by Petitioner and was executed by Petitionees . . . The first and final drafts of the lease were the same in every particular except that in the final draft a change was made in Paragraph 15. . . . The signatures of Petitionees were witnessed by their real estate agent, Joseph B. Hosmer and Attorney [Frederick W.] Branch.

"William . . . is a citizen of the United States and was admitted in 1938. He has engaged in several real estate transactions prior to the execution of this lease. William . . . understood the terms of the lease before he signed it [and Sophia, his wife] knew the purpose for which she signed the lease . . . The purchase option clause . . . of the lease . . . was a fair and reasonable arrangement viewed in the circumstances under which it was included in the lease in 1939. . . . The Petitioner did not exercise any fraud or deceit in connection with the execution by the Petitionees of the lease . . . [who] signed the lease . . . as their free and voluntary acts and for the purposes stated therein."

All of the above findings being supported by the record are binding on this court (*Lefebvre* v. *Waldstein*, 101 N. H. 451, 455) and furnish a sufficient basis for a decree of specific performance. *Dunlap* v. *Foss*, 82 N. H. 449, 450.

The defendants' argument that specific performance should not be decreed of a lease which can be terminated at the option of one of the parties only, does not militate against such a decree. Clause 15 of the lease gave to the plaintiff the right to cancel on

54

thirty days' written notice. If it is the defendants' position that the relief sought is precluded for want of mutuality with respect to the remedy of specific performance, the argument cannot prevail in this jurisdiction. *Swanson* v. *Priest*, 95 N. H. 64; *Eckstein* v. *Downing*, 64 N. H. 248, 260. If want of mutuality of obligation is the gist of their argument, it is no more acceptable. The lease is not invalid merely because the right to terminate it is conferred upon one party alone. 51 C. J. S. 656; anno. 137 A. L. R. 362, 386. And finally, the provisions of the clause in question do not compel a finding that the agreement was unconscionable or the product of overreaching on the part of the plaintiff. The right conferred by the clause in question could be exercised only upon the payment by the plaintiff of "a lump sum equal to one-tenth (1/10) of the contract cost of [the lessors'] improvements to the demised premises for each year or fraction of a year of the original ten (10) year term . . . then remaining." Since the plaintiff does not seek to enforce its option to cancel the defendants have no ground to complain that any hardship has resulted from it. See *Bourn* v. *Duff*, 96 N. H. 194, *supra*, 199.

*Decree affirmed.*

BLANDIN, J., was absent; the others concurred.