Belknap
No. 6477

CARLE'S MOTORCYCLE SHOP, INC.

v.

CARLE A. JOHNSON AND ESTELLE JOHNSON

February 28, 1973

*Nighswander, Lord, Martin & KillKelley (Mr. Michael C. Murphy* orally) for the plaintiff.

*Wescott, Millham & Dyer (Mr. Harold E. Wescott* orally) for the defendants.

GRIFFITH, J. The plaintiff in this case brought a bill in equity seeking a temporary and permanent injunction against the defendants' completing foreclosure of a mortgage executed by the plaintiff to the defendants on February 9, 1970. Plaintiff was granted a temporary injunction on August 4, 1970, enjoining sale under the foreclosure proceedings commenced July 28, 1970. The bill in equity, together with a companion law action for breach of contract between the same plaintiff and defendants, was tried before a Master (*John P. Chandler,* Esq.). The master's report recommended verdicts for the defendants in the law action, dissolution of the temporary injunction and denial of the prayer for a permanent injunction. The Trial Court (*Johnson,* J.) reserved and transferred plaintiff's exceptions to the master's report.

The plaintiff on appeal has abandoned all exceptions to the master's report but the claim that the master erred in refusing to rule that the plaintiff is entitled to equitable relief from the acceleration clause of the mortgage note.

The note and mortgage here arose out of the sale by the defendants to the plaintiff of Carle's Motorcycle Shop. The law action upon which the bill in equity depended claimed that the defendants by their agreement of sale agreed to deliver all the motorcycles at Carle's Motorcycle Shop to plaintiff but failed to do so because a number were held on consignment and not owned by defendants. Plaintiff further claimed that the inventory of spare parts and accessories was $5,000

to $6,000 less than the value represented by the defendants. The master found for the defendants on both of these issues. In its bill in equity plaintiff claimed a failure by the defendants to convey assets it was entitled to in the amount of ten thousand dollars. In the pleadings and throughout the trial this was the sole basis urged in support of an injunction against foreclosure of the mortgage.

While equity does not restrict relief to that sought by the plaintiff (*Barber v. Somers,* 102 N.H. 38, 150 A.2d 408 (1959)), "[a] decree for specific relief is not a matter of right to which a party is entitled upon the proof of his contract, but rests in the sound discretion of the court, which grants or withholds the relief according to the circumstances of the case." *See Manchester Dairy System, Inc. v. Hayward,* 82 N.H. 193, 206, 132 A. 12, 18 (1926). Under plaintiff's exception to the refusal of the master to grant injunctive relief the question is whether or not on the facts of record it conclusively appeared that the plaintiff was entitled to an injunction. *See Dunfey Realty Co. v. Enright,* 101 N.H. 195, 138 A.2d 80 (1957).

The undisputed findings of the master include the following facts relating to the note and mortgage. Plaintiff executed as part of the purchase price of the business from the defendants on February 9, 1970, three promissory notes in the respective amounts of $20,000, $3,000 and $2,000. The $20,000 note was secured in part by a power of sale mortgage on the real estate transferred and provided for monthly payments at the rate of $272.68 beginning May 15, 1970. No payments have ever been made or tendered by the plaintiff and on July 16, 1970, defendants demanded payment in full under the terms of the acceleration clause in the note. The defendants then started foreclosure proceedings and the plaintiff brought its bill in equity and the action at law.

On the basis of these facts and in the face of findings adverse to the plaintiff on all facts relied upon in support of its original prayer for relief, plaintiff argues the master was required to find the plaintiff entitled to equitable relief from the acceleration clause in the mortgage. The facts here do not dictate any ruling that the plaintiff is entitled to the relief now sought. In its bill in equity plaintiff alleged that

the value of the assets not delivered was $10,000 and prayed not for a rescission of its contract but an adjustment of the purchase price. Had plaintiff been completely successful in its claims and made all the payments required by the mortgage there would have remained a balance due the defendants which would have exceeded the amount of any decree or judgment in its favor.

The master having found no merit in plaintiff's claim that the defendants had not performed their bargain under the terms of the contract plaintiff now says its failure to pay or tender the installment payments was caused by an accident or good faith mistake. It claims the facts found establish this claim and require a ruling that they are entitled to equitable relief from the operation of the acceleration clause and the exercise by defendants of their foreclosure remedy. 55 Am. Jur. 2d *Mortgages* § 375 (1971); Annot., 70 A.L.R. 993, 1000 (1931).

"It has never been asserted . . . that a party ever makes a sufficient cause for relief, either affirmative or defensive, by merely proving that he was caused to execute a deed or to make a promise by the fact that he had a mistaken thought." 3 Corbin, Contracts § 608 (1960). There is no suggestion in the record that plaintiff was induced by defendants, even innocently, to refuse to make the installment payments on the note. *Currier v. Insurance Co.,* 98 N.H. 366, 370, 101 A.2d 266, 269 (1953); *Rickle v. Mills,* 93 N.H. 191, 38 A.2d 78 (1944). Nor is there any indication that defendants take unfair advantage of the plaintiff by enforcing acceleration of the debt and foreclosure. *Cf. Graf v. Hope Bldg. Corp.,* 254 N.Y. 1, 7, 171 N.E. 884, 886 (1930) (dissenting opinion by Cardozo, C. J.). *See also* Annot., 70 A.L.R. 993, 1000 (1931).

The plaintiff in this case made a calculated choice in its election to default on the mortgage payments. While tender of all or part of the mortgage debt under these circumstances would not require a finding that the plaintiff was entitled to relief in equity, it is of some significance that no such tender was made before the master. *See Fowler v. Taylor,* 97 N.H. 294, 297, 86 A.2d 325, 326 (1952). Defendants in this case are entitled to enforcement of the terms of the mortgage

contract. *Sanborn v. Ladd,* 69 N.H. 221, 39 A. 1072 (1897); *Aldrich v. Lincoln Land Corp.,* 130 Vt. 372, 294 A.2d 853 (1972). The case is remanded to the trial court for acceptance of the master's report and a decree dissolving the temporary injunction and dismissing the bill in equity with such costs and expenses assessed against the injunction bond of the plaintiff as the trial court shall determine.

*Remanded.*

All concurred.