Carroll
No. 7669

JEANNE L. TUTTLE

v.

FRED PALMER

May 31, 1977

*Burns, Bryant, Hinchey, Cox & Shea* and *William A. Mulvey, Jr.*, of Dover (*Mr. Mulvey* orally), for the plaintiff.

*William P. Shea*, of Dover, by brief and orally, for the defendant.

KENISON, C.J.   In January 1963 the plaintiff was pregnant and on January 16 of that year the defendant, who was twenty-three years old, entered into a written agreement wherein he acknowledged that he was the father of the child. He agreed to pay the plaintiff ten dollars per week for the child's support until the child's eighteenth birthday. In exchange; the plaintiff agreed not to take any legal action against him. Shortly after the child's birth on May 24, 1963, the defendant began his payments and continued to do so until February 2, 1974, nearly eleven years

later. Since that time, the defendant has refused to make further payments. The plaintiff sought specific performance of the contract. After a hearing, a Judicial Referee (*Blandin,* J.) recommended granting the requested relief. *Douglas,* J., approved the recommendation. All exceptions were reserved and transferred to this court.

Although the defendant does not specifically challenge the validity of the contract in his brief, we note that such agreements are generally sustained if they are supported by adequate consideration, which in this case is the mother's promise not to bring any suit she might have had against the defendant. *Fiege v. Boehm,* 210 Md. 352, 123 A.2d 316 (1956); Annot., *Validity and Construction of Putative Father's Promise to Support or Provide for Illegitimate Child,* 20 A.L.R.3d 500, 530 (1968). The defendant's contention is that the plaintiff should not have been granted equitable relief.

It is basic hornbook law that specific performance will be denied if the plaintiff has an adequate remedy at law. D. Dobbs, Remedies § 2.5, at 57 (1973). The adequacy of damages must be determined after a careful weighing of all the peculiar circumstances of the case. 5A A. Corbin, Contracts § 1142, at 117 (1964). One factor involved in the determination of the adequacy of damages is "[t]he probability that full compensation cannot be had without multiple litigation." Restatement of Contracts § 361(e) (1932). This includes the problem of having to bring repeated actions against the same defendant. *Id.,* Comment on Clause (e); 5A A. Corbin, *supra* at 118.

In this case the court could have properly determined that, in order to avoid burdensome future litigation and guarantee plaintiff full relief, specific performance was the only appropriate remedy. *See Weinberger v. Van Hessen,* 260 N.Y. 294, 183 N.E. 429 (1932). The case of *Bourn v. Duff,* 96 N.H. 194, 72 A.2d 501 (1950), is not controlling because there the court was primarily concerned with certain supervision problems that a decree in that case would have entailed. We note finally that the trend has been to give less consideration to the question of the adequacy of damages and to make specific performance less difficult to obtain than it was formerly. 5A A. Corbin, *supra* at 126.

The defendant contends that equitable relief should have been denied because the plaintiff does not have "clean hands." The law

is clear that overreaching or other unconscionable conduct by a plaintiff will prevent the grant of specific performance of a contract. *Polonsky v. McIlwaine,* 114 N.H. 467, 324 A.2d 729 (1974); *Rogers v. Mitchell,* 41 N.H. 154 (1860). In this case the attorney who represented the plaintiff in 1963 prepared the agreement before he met with the defendant. The signing took place in the attorney's car at the gas station at which the defendant worked. Counsel told the defendant that, if he signed the agreement, no further action would be pursued but that, if he refused to sign, it was possible that a court might order him to make larger support payments.

Although the alleged conduct of plaintiff's counsel may have been less than exemplary, it was not sufficiently objectionable under the circumstances of this case to require the lower court to deny specific performance. At the hearing, the defendant admitted that he understood the essence of the agreement, that the facts stated in the agreement were true, and that he discontinued payments only because he could no longer afford them. At no time did he suggest that the plaintiff had acted in bad faith or that he was a victim of fraud, mistake or duress. Annot., *supra* at 532–34.

The decision to grant specific performance rests within the sound discretion of the court. *Carle's Motorcycle Shop, Inc. v. Johnson,* 113 N.H. 77, 301 A.2d 335 (1973). The court's decision was supported by the evidence and based upon tenable grounds; we therefore, affirm. *Gulf Oil Corp. v. Rybicki,* 102 N.H. 51, 149 A.2d 877 (1959).

*Defendant's exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.