Carroll
No. 78-015

JEANNE L. TUTTLE

v.

FRED PALMER

September 18, 1978

554

*Burns, Bryant, Hinchey, Cox & Shea* and *William A. Mulvey, Jr.*, of Dover, waived brief and oral argument for the plaintiff.

*William P. Shea*, of Dover, pro se, by brief.

LAMPRON, C.J.    The issue to be decided is whether the superior court properly ordered that defendant's counsel personally pay to the plaintiff her attorney's fees in the amount of one hundred dollars for his attempt to withdraw as counsel for the defendant in violation of Superior Court Rule 15. The exception of defendant's counsel was transferred by *Dunfey*, J.

This case arises out of *Tuttle v. Palmer*, 117 N.H. 477, 374 A.2d 661 (1977), in which we affirmed the superior court's ruling that the defendant continue to make child-support payments to the plaintiff. Plaintiff thereafter filed a petition requesting that the defendant be found in contempt, to which the defendant answered and filed a cross-action. Sometime in September 1977, the superior court scheduled a hearing thereon for October 6, 1977.

Prior to the date set for the hearing, but subsequent to its scheduling, a possible conflict of interest was detected by William P. Shea, defendant's counsel. He then attempted to withdraw his appearance by filing a withdrawal slip on September 30, 1977. Thereupon the defendant was notified by the clerk of court of his counsel's withdrawal, and was granted leave by the court to secure new counsel before October 13, 1977.

On instructions of the clerk of court both the plaintiff and her counsel were present for a hearing on the merits on the scheduled date of October 6, 1977. Because of Attorney Shea's attempted withdrawal, which was denied because it did not comply with Superior Court Rule 15, no hearing was held. The court, however,

granted Attorney Shea leave to appear on October 14, at 9:30 a.m., and show cause why his requested withdrawal should be granted. Meanwhile, plaintiff filed a motion for attorney's fees for the time during which she and counsel were present in court on October 6.

Superior Court Rule 15 reads in part as follows: "No attorney shall be permitted to withdraw his appearance in a case after the case has been assigned for trial or hearing, except by leave of the Court for good cause shown, and on such terms as the Court may order." The court found that defendant's counsel's failure to comply with the terms of the above rule resulted in the appearance of the plaintiff and her counsel on October 6 for several hours for the hearing on the merits. The court ordered that "plaintiff's request for attorney's fees to be assessed under the provisions of other Court Rules in such circumstances is Granted to the extent . . . that counsel for the defendant . . . is ordered to pay $100.00 toward Brother Mulvey's fees."

RSA 491:10 authorizes the superior court, acting as a body, to establish rules and orders of practice for conducting and regulating its business. "This rule-making power was firmly established over three hundred years ago. A statute in 1701 confirmed the ancient power which has never been lost." E. Page, Judicial Beginnings in New Hampshire 43 (1959). These rules provide in part as follows: "Upon violation of any rule of Court, the Court may take such action as justice may require." Furthermore Superior Court Rule 62 (pretrial procedures and pretrial settlement conferences) provides that if counsel fails to comply with its provisions, "if unnecessary and unreasonable waste of time of the Court or opposing counsel results [counsel] may, upon request of opposing counsel, be ordered to pay counsel fees or costs as the facts warrant."

Rule 44 provides that if a deponent fails or refuses to answer a question necessitating a motion by the opposing party to obtain an answer, the court, if it finds the refusal was without substantial justification or was frivolous or unreasonable, "may, and ordinarily will, require the deponent and the . . . attorney advising the refusal, or either of them . . ." to pay the other party reasonable counsel fees. Similar provisions appear in Rule 36 (written interrogatories): Rule 35b(2) and Rule 35c (general discovery provisions), and others.

It is true that Rule 15, pertaining to the withdrawal of appearance by counsel, does not contain a specific provision for the assessment of counsel fees against the offending counsel to be paid to the other party. We hold, however, that the superior court in its discretion can find that under certain other circumstances "justice

may require" such action. *See* Introduction to Rules of Superior Court, RSA 491:App. Violations of rules found to be in the nature of harassment, frivolous action, intended to cause undue delay, or similarly motivated, which put the opposing party to undue expense, would justify the assessment of counsel fees to be paid by the offending counsel to the other party. Such an assessment would fall within the established judicial exception to the general rule that a party will usually not be awarded attorney's fees. *Morse v. Ford*, 118 N.H. 280, 385 A.2d 229 (1978).

The order of the court awarding counsel fees in this case implies a finding that the conditions above enumerated as justifying the assessment of such fees have been met.

*Exception overruled.*

BROCK, J., did not participate in the decision of this case; the others concurred.