Hillsborough
No. 79-355

NORMA S. JOHNSON

v.

WILLIAM P. KORSAK, INC.

June 12, 1980

*Winer, Lynch & Pillsbury,* of Nashua (*Robert W. Pillsbury* orally), for the plaintiff.

*Prunier & Mazerolle,* of Nashua (*Jeffrey H. Mazerolle* orally), for the defendant.

PER CURIAM. This is a bill in equity for specific performance of a purchase-and-sale agreement of a condominium. The Master (*Frank B. Clancy,* Esq.) recommended that the bill be denied, and the Superior Court (*Flynn,* J.) approved the report and entered a

decree accordingly. The plaintiff's exceptions and all questions of law were reserved and transferred by *Souter*, J. We affirm.

The record discloses the following facts. On March 7, 1977, the plaintiff, a real estate broker, and the defendant, a condominium developer, signed a "request for reservation" and a unit was held for the plaintiff for 30 days or until a purchase-and-sale agreement was signed. A delay caused by defendant's counsel followed, but the parties eventually signed a purchase-and-sale contract dated June 24, 1977. By its terms, the parties were to close within 30 days of notice that the unit was ready for occupancy. By letter dated July 27, 1977, the defendant notified the plaintiff that the unit was ready and requested a closing before August 26, 1977. The parties did not close on August 26, 1977. The defendant, by check dated August 29, returned the deposit and on September 27 entered into a sales agreement with a third party for a higher price. The plaintiff had timely applied at a local bank for a purchase money mortgage which was not approved until late September principally because the bank was awaiting a credit application from her.

The plaintiff claims that the contract did not state that time was of the essence nor did the facts surrounding the formation of the agreement dictate such a finding. She further argues that she was ready and able to perform within a reasonable time and that there was no evidence that the delay was willful or caused harm to the defendant.

The master found that the plaintiff was an experienced real estate agent who had sold five other units for the defendant, and was aware of the defendant's desire to close promptly because of its need for cash to build additional units which were selling like "hot cakes." He also found that neither she nor the loan officer was certain that a credit application had been filed prior to August 1977, even though she constantly dealt with the bank about other pending loans in which she had an interest as a broker. Based upon these findings, the master observed that "it does not appear . . . [she] made strenuous efforts . . . to advise defendant she was still pursuing her mortgage loan application and was therefore desireous [sic] of obtaining an extention of time for performance. . . ."

There was testimony that in early August the plaintiff acknowledged that she received the letter setting a closing date but said she could not pass title on that date because she had to obtain money from a sale of other property before closing on her unit. Furthermore, the bank officer testified that if the plaintiff

had arranged to have the credit information presented in June when the loan application was filed, the transaction would have been closed by September 1, 1977.

The master in denying the relief sought found that:

> [T]he parties intended that time was of the essence of the performance of the contract. The doctrine that time is not of the essence can work an injustice upon the vendor who is prepared to perform within the time prescribed if the purchaser neglects to arrrange timely financing. . . . While forfeiture of one's contract rights is not lightly granted by the court decree or otherwise, when time is of the essence one must act seasonably and within a reasonable time to protect those rights. Plaintiff here is not found to have acted seasonably in the protection of her rights.

■  We have held that a decree for specific relief is not a matter of right but rests in the sound discretion of the court according to the circumstances of the case. *Carle's Motorcycle Shop, Inc. v. Johnson*, 113 N.H. 77, 79, 301 A.2d 335, 336 (1973). However, when real estate is involved, specific performance will be decreed unless there are circumstances which make it inequitable or impossible to do so. *Gulf Oil Corp. v. Rybicki*, 102 N.H. 51, 52, 149 A.2d 877, 879 (1959).

■ ■  When time is not made of the essence in a contract, although a certain period of time is stipulated for the contract's completion, equity will treat the time limitation as formal rather than essential, and permit a party to compel specific performance notwithstanding his own delay. *Leavitt v. Fowler*, 118 N.H. 541, 543, 391 A.2d 876, 877 (1978). If time is not of the essence in a purchase-and-sale agreement, a party will have a reasonable period of time after the specific closing date in which to perform his obligations under the contract; the delay, however, cannot be willful or cause harm to the other party. *Id.; see Fletcher v. Frisbee*, 119 N.H. 555, 558, 404 A.2d 1106, 1108 (1979).

■ ■  The master in the instant case found not only that it was the intent of the parties that time be of the essence, but that the delay attributed to the plaintiff was unreasonable under all the circumstances.

"A master's findings and rulings will be upheld when the record discloses sufficient evidence to support them, and they are not

erroneous as a matter of law" (citations omitted). *Hynes v. Whitehouse*, 120 N.H. 417, 415 A.2d 876 (1980); *Gulf Oil Corp. v. Rybicki supra*. We hold that the record before us amply supports the master's findings and rulings.

█ █ Denial of the relief sought does not necessarily bar the right to damages at law. Generally, on a motion to amend to recover damages, the court can determine whether justice requires that the plaintiff be allowed to reopen the case, and if so, whether damages should be awarded and are capable of being assessed with reasonable certainty. *Gregoire v. Paradis*, 100 N.H. 21, 23, 117 A.2d 328, 330 (1955). However, based on the findings and rulings made in this case, we fail to see how even this remedy would be available to the plaintiff.

*Exceptions overruled.*