Hillsborough
No. 79-418

### CAMERON K. WEHRINGER

v.

### MARY S. BULLEN

June 18, 1980

*Cameron K. Wehringer,* by brief, pro se.

*Hatfield & Henderson,* of Hillsborough, by brief for the defendant.

### MEMORANDUM OPINION

Plaintiff sought specific performance of a contract to purchase land from the defendant. The Trial Court (*Goode,* J.) found that the

contract price of $30 per acre for land worth $200 per acre was "so grossly inadequate as to shock the conscience of the court," that the defendant was recently widowed and emotionally weakened at the time of the contract and that she was without legal advice. It was also found that the plaintiff, an attorney, had entered into a very personal relationship with the defendant and had performed legal service for her without charge.

The court denied specific performance, relying upon *Gregoire v. Paradis*, 100 N.H. 21, 117 A.2d 328 (1955) for the proposition that specific performance is a discretionary remedy, depending upon the facts of each case, and is not to be decreed as a matter of right. Because the evidence supports the trial court's findings, they will not be disturbed. *Laconia Clinic, Inc. v. Cullen*, 119 N.H. 804, 408 A.2d 412 (1979). The discretionary denial of specific performance was proper. *Gulf Oil Co. v. Rybicki*, 102 N.H. 51, 149 A.2d 877 (1959); *see American Home Improvement Co. v. MacIver*, 105 N.H. 435, 201 A.2d 886 (1964).

*Affirmed.*