Dr. PAUL S. DAUM

v.

NEW ENGLAND COLLEGE

November 13, 1980

*McLane, Graf, Raulerson & Middleton,* of Manchester (*R. David DePuy* orally), for the plaintiff.

*Shute, Engel & Frasier,* of Stratham (*David C. Engel* orally), for the defendant.

DOUGLAS, J.   The basic issue in this case is whether the master erred in finding that the plaintiff failed to perform a condition of his employment contract within a reasonable time after his employer extended the original date for performance. We affirm.

The plaintiff, Paul S. Daum, has been a professor at New England College for eighteen years. On October 30, 1973, the parties executed an employment contract that provided for the appointment of Daum as professor of history for the 1973–1974 academic year and also provided for his sabbatical in 1974–1975. Attached to and included as part of the contract was a letter from Dean Erwin A. Jaffe, co-signed by Acting President J. Kenneth Cummiskey, and a letter from former President Chase. The letter from Dean Jaffe stated that the college expected Professor Daum to take a full-year sabbatical at half pay rather than a one-

semester sabbatical with full pay for the academic year unless he notified the dean by February 25, 1974.

Sometime prior to February 25, Professor Daum and Dean Jaffe discussed the deadline by telephone. Several times after February 25 the college requested a decision but the plaintiff never complied. On May 1, Dean Jaffe sent a letter to Professor Daum informing him that he was on a full-year sabbatical and telling him to contact President Cummiskey if he objected. Professor Daum did not notify the college of his intention to take a one-semester sabbatical until July 18, when the college received a letter from his attorney.

The Master (*William H. M. Beckett,* Esq.) found that Dean Jaffe had neither actual nor apparent authority to change the terms of the contract. He also found that, assuming the college had waived the February 25 deadline, Professor Daum had unreasonably delayed in notifying the college of his plan to take a one-semester sabbatical. The master denied Daum's motion to set aside the verdict. The Superior Court (*Cann,* J.) approved the master's recommendation of judgment for the defendant.

We need not address the question whether Dean Jaffe had actual or apparent authority to waive the time provision in the contract because, if we assume that he did, Professor Daum did not give notice within a reasonable time after the extension.

■ ■ Waiver of the stated time for the performance of a condition in a contract cannot, on the facts of this case, be interpreted as an unlimited extension but only as an extension for a reasonable time. *See MacDonald & Payne Machine Co., Inc. v. Metallic Arts of New England Inc.,* 324 Mass. 353, 357, 86 N.E.2d 516, 518 (1949); 3A A. CORBIN, CONTRACTS § 722 (1960). *Cf. Johnson v. Korsak,* 120 N.H. 412, 415, 415 A.2d 1141, 1143 (1980). Reasonableness depends not only on the character of the performance promised but also upon all of the surrounding circumstances that the parties know or have reason to know. 3A A. CORBIN, CONTRACTS § 723 (1960).

Professor Daum gave three reasons for his delay in notifying the college: (1) the financial crisis of the college, (2) the salary scale for 1974–1975 had not been posted, and (3) a union election to elect an exclusive bargaining agent for the faculty was scheduled for mid-March. The master found none of these reasons persuasive. Although the college had financial difficulties and had delayed one or two payrolls, the master found that these problems had diminished by December 1973. The master also found that salary scales were normally posted in early May and that Professor

Daum had no reason to expect that he would know his salary when he agreed to the February 25 deadline. The master did not address the plaintiff's third excuse, but we cannot see how a union election precluded Professor Daum from giving notice to the college in accordance with his existing contract.

The interests of the college were twofold: curriculum planning and budget planning. As an employee of the college for eighteen years, Professor Daum should have been familiar with the college's practices and procedures. The letter from President Chase attached to the employment contract emphasized that the dean needed to know under what conditions Professor Daum intended to take his sabbatical in order to plan for the next academic year.

■ The plaintiff contends that the period in which to measure whether he acted reasonably is from February 25 to May 1 because Dean Jaffe's letter precluded compliance after that date. We disagree. The May 1 letter specifically stated that Professor Daum could contact President Cummiskey if he did not intend to take a full-year sabbatical. Although Professor Daum's failure to notify the college of his decision prior to May 1 may not have been unreasonable, his silence after that date is clearly so. We uphold the master's findings because they are not erroneous as a matter of law. *See Hynes v. Whitehouse*, 120 N.H. 417, 415 A.2d 876, 878 (1980).

*Affirmed.*

All concurred.