Meyer, J.
(concurring). While I concur in the result on the facts and in the posture of this case, I do not concur in the opinion because it gives too little consideration to the principle, which in my view should apply as to place of residence as well, that it is the right of the custodial parent, absent controlling contrary provisions in a separation agreement, to determine the child’s secular education program (Ann., 36 ALR3d 1093) and religious education program (Weinberger v Van Hessen, 260 NY 294, 298; see Diemer v Diemer, 8 NY2d 206, 212; Matter of Paolella v Phillips, 27 Misc 2d 763, 765-766). Where there is no provision restricting place of residence, greater consideration than was here given should be given to whether both the father’s right to visitation and the mother’s right as custodial parent to determine residence, cannot be accommodated by allowing the change of residence and revising the visitation provisions so that the father’s relationship with *178 the child will not be materially denigrated by the change of résidence.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur with Judge Fuchsberg; Judge Meyer concurs in result in a separate opinion.
Order affirmed, with costs.