## Peter A. Grayson & a. v. Victor P. LaBranche.

Argued January 4, 1967.
Decided January 27, 1967.

*Wayne J. Mullavey* ( by brief ), for the plaintiffs.

*Arthur E. Porter* and *Philip S. Hollman* ( *Mr. Hollman* orally ), for the defendant.

KENISON, C. J. Contracts for the purchase and sale of real estate which are subject to subsequent or future financing provisions have proved to be a fertile breeding ground for litigation. Annots. 5 A.L.R. 2d 287; 81 A.L.R. 2d 1338; Aiken, " Subject to Financing " Clauses in Interim Contracts for Sale of Realty, 43 Marq. L. Rev. 265 ( 1960 ); Raushenbush, Problems and Practices with Financing Conditions in Real Estate Purchase Contracts, 1963 Wis. L. Rev. 566. While pristine preciseness in financing provisions may be recommended to attorneys and real estate brokers, this quality is frequently missing in the litigated cases. Absolute and exact certainty in contracts for the sale of realty is not required but reasonable certainty is a requisite. See *Kann* v. *Company*, 81 N. H. 535, 541; *Jesseman* v. *Aurelio*, 106 N. H. 529. " It is sometimes said that the agreement must be capable of being given an exact meaning and that all the performances to be rendered must be certain. Such statements may be appropriate in determining whether a manifestation of intention is intended to be understood as an offer. But the actions of the parties may show conclusively that they have intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon. In such cases courts endeavor, if possible, to attach a sufficiently definite meaning to the bargain. " Restatement ( Second ), Contracts, *s.* 32, *comment* a ( Tent. draft No. 1 ( 1964 ) ).

The Trial Court had the right and the duty to consider the language of the contract, the nature of the agreement and the circumstances of the parties. *Pettee* v. *Chapter*, 86 N. H. 419, 426. While the court cannot make a contract for the parties, this does not prevent it from ascertaining from all the evidence whether the parties made a binding contract and what it was in spite of some ambiguity arising from a term that is missing or is left blank. " There is no surer way to find out what the parties

meant, than to see what they have done. " *Brooklyn Life Ins. Co.* v. *Dutcher*, 95 U. S. 269, 273; *Bogosian* v. *Fine*, 99 N. H. 340, 342. Although the evidence is conflicting, it is findable that the parties placed a practical construction on the real estate agreement that the defendant's obligation to purchase was dependent upon his ability to obtain a conventional mortgage in a reasonable amount. *Starr* v. *Holck*, 318 Mich. 452. See *Shayeb* v. *Holland*, 321 Mass. 429; *Robinson Company* v. *Drew*, 83 N. H. 459. "Reasonable certainty is all that is demanded, and that requirement is fulfilled if the meaning of the contract, taken as a whole, is intelligible to the court." *Kann* v. *Company*, 81 N. H. 535, 541; 5 Williston, Contracts ( Rev. *ed.* ) *s.* 1424. The same thought is stated more expressively in 5A Corbin, Contracts, *s.* 1174, *p.* 283 ( 1964 ) as follows: "There are cases in which the court has made a mountain out of a molehill and refused a decree that might well have been granted. Apparent difficulties of enforcement that arise out of uncertainties in expression often disappear in the light of courageous common sense and reasonable implications of fact."

The disputed clause in this real estate agreement was no model of clarity either in what it stated or what it failed to state in the blank which referred to "a conventional mortgage of $         " at the buyer's terms. It was "unsatisfactory because of the uncertainty it may generate." Friedman, Contracts and Conveyances of Real Property, *s.* 1.5, *p.* 59 ( 2d *ed.* 1963 ). Nevertheless the real estate agreement when read in the light of all the evidence demonstrated the parties concluded a binding agreement of sale subject to the condition that the buyer obtain a mortgage in a reasonable amount to finance the purchase. The verdict of the Trial Court is affirmed and the order is

*Judgment for the defendant.*

All concurred.