Belknap
No. 6975

## PETER MAKRIS v. THOMAS W. NOLAN

March 31, 1975

*Snierson, Chandler & Copithorne (Mr. John P. Chandler* orally) for the plaintiff.

*Stein, Gormley & Morrill (Mr. Arthur O. Gormley, Jr.,* orally) for the defendant.

DUNCAN, J. This is an action of assumpsit by a seller of real estate to recover as liquidated damages a prospective buyer's deposit of $10,000 by reason of the latter's alleged default in his agreement to purchase real estate in Laconia for a price of $640,000. A verdict for the defendant by the Master who heard the parties *(Leonard C. Hardwick,* Esq.) was approved by the Superior Court *(Batchelder,* J.) The case reaches this court on the plaintiff's bill of exceptions.

The contract of the parties, executed under date of May 3, 1972, called for passage of title on or before June 15, 1972. Under the head of "Additional provisions", the cryptic phrase "Subject to bank financing" was inserted in the printed form. The plaintiff recognizes that the evidence indicated that "a loan for 65% of the price at least was considered reasonable by both ...." The defendant, a resident of Tewksbury, Massachusetts, with another resident of the same town as coapplicant, applied to the Merchants Savings Bank of Manchester for a 15-year mortgage loan of $416,000 with interest at 9 percent. On June 14, 1972, the bank notified the plaintiff seller and the buyer's coapplicant that a loan would be granted of $340,000. The loan was never consummated.

The plaintiff testified that he had offered to take a second mortgage for the difference of $76,000, but the master found that there was no evidence that this was ever agreed to by the defendant. There was evidence that a new agreement at a higher price was tendered by the plaintiff's real estate agent later in June.

In *Grayson v. LaBranche,* 107 N.H. 504, 225 A.2d 922 (1967), this court held that a contract conditioned upon the buyer obtaining a "conventional mortgage" in an amount left blank was properly found in the light of all the evidence in that case to require a mortgage in a "reasonable amount." Despite the caveat contained in the Aiken article *"Subject to Financing" Clauses,* 43 Marq. L. Rev. 265, 300 (1960), cited in the *Grayson* opinion which advised brokers, attorneys and parties to "avoid such clauses as they would the plague", the record in this case would indicate little progress in the field. *See* Annot., 81 A.L.R.2d 1338 (1962) and Later Case Service; Friedman, *Buying a Home,* 47 A.B.A.J. 596, 603 (1961). *But see* 16 Am. Jur. Legal Forms 2d § 219.339 (1973); 8 C. Nichols, Cyclopedia of Legal Forms § 8.1159 b (1973).

A clause such as was employed in the contract before us provides no answer to the numerous questions likely to arise if financing is not forthcoming: financing in what amount and on what terms; who is to arrange and to whose satisfaction; will a second mortgage to the seller satisfy the requirement? *See* Aiken, 43 Marq. L. Rev 265, 266-70 (1960); *Reese v. Walker,* 6 Ohio Op. 2d 55, 151 N.E.2d 605 (Cincinnati Mun. Ct. 1958).

In the case at bar the master found that, interpreted "in terms of the action of the parties", the term "bank financing" meant the granting of a loan in the amount applied for. The plaintiff was found to be "a practicing attorney and a man of considerable business experience." He testified "we discussed the method of financing. And since ... [Mr. Nolan ] was from Massachusetts, he was not familiar with New Hampshire practice, and I told him from past experience on commercial property, the commercial banks in New Hampshire usually do not go above 65 percent of the purchase price, and that's the figure that was submitted on the initial application to the Merchants Bank."

The record supports the master's findings that the condition precedent which meant to the parties the financing of a loan of $416,000 was never met.

The burden of proof was upon the plaintiff. 3A A. Corbin, Contracts § 749, at 468 (1960); 1 S. Williston, Contracts § 179, at 700 (3d ed. 1957). He requested a ruling that "an agreement by

the seller to take a second mortgage on the bank's terms . . . satisfies a condition of 'bank financing'". He argues that the absence of a finding of fact as to whether the plaintiff's offer was communicated to the defendant and the lack of a ruling upon his request "has left [the master's] decision incomplete" so that the case should be remanded. Since the master found that the written contract contained no provision by amendment or otherwise which would cover such an offer, and that there was no evidence that the defendant "ever agreed to such an arrangement", a ruling upon the request became immaterial.

*Exceptions overruled; judgment for defendant.*

All concurred.