Nashua District Court
No. 7107

Ronald J. Rogers & a. v. Cardinal Realty, Inc., & a.

May 30, 1975

*Sullivan, Gregg & Horton* and *J. Jefferson Davis (Mr. Davis* orally) for the plaintiffs.

*Joseph L. Clough,* by brief and orally, for the defendants.

Kenison, C.J. The question presented by this case is whether the plaintiffs are entitled to recover deposits made pursuant to a contract for the sale of land which was conditioned upon the availability of adequate financing. *Harkaway,* J., reserved and transferred the defendants' exception to his ruling that "[s]ince financing was not available to the plaintiffs during the year 1973, and in any event not within a reasonable time, the plaintiffs were entitled to terminate the purchase and sale agreement and recover their deposit." *See* RSA 502-A:17-a (Supp. 1973) (District Courts: Transfers to Supreme Court).

On August 5, 1973, plaintiffs signed a purchase and sale agreement to buy a house located at 33 Richmond Street, Nashua, New Hampshire. Pursuant to the agreement plaintiffs made deposits of $1000 with the sellers and $400 with Cardinal Realty, Inc., the real estate agent. The agreement provided that "[i]f the buyer is unable to obtain a first mortgage for $25,900 at 9% for 25 years, all deposits

are to be returned and all parties discharged." The date of closing was specified as "ASAP 1973" which the trial court determined to mean "as soon as possible in the year 1973".

On September 1, 1973, plaintiffs entered into an occupancy agreement with the sellers which permitted them to occupy the house at 33 Richmond Street as lessees until closing. Although the occupancy agreement referred to the contract of sale, it did not modify the date of closing.

The trial court found that the plaintiffs were unable to secure financing during 1973. In a letter dated January 9, 1974, directed to the sellers and to Cardinal Realty, Inc., the plaintiffs requested the return of their deposits. Cardinal Realty, Inc., responded in a letter dated January 11 that financing would be available in April 1974 subject to a credit check. The plaintiffs refused to fill out the necessary credit applications and advised the sellers that they would vacate 33 Richmond Street at the end of January.

Defendants contend that the trial court's ruling that financing was not available to plaintiffs "during the year 1973, and in any event not within a reasonable time . . . ." was erroneous as a matter of law. Their position is that a delay of ninety days, from the end of 1973 to April 1974, is reasonable under the terms of the agreement in light of the prevailing economic circumstances.

Time is of the essence in a contract for the sale of real estate only when the parties have manifested such an intent. *Guy v. Hanley,* 111 N.H. 73, 75, 276 A.2d 1, 3 (1971); J. Calamari and J. Perillo, Contracts § 157, at 247 (1970); 6 S. Williston, Contracts § 846, at 184 (1962); 3A A. Corbin, Contracts § 716 (1960). In ascertaining intent, the language of the agreement is not completely dispositive since words are "merely audible sounds or visible sights. It is individual men who have 'meanings' which they try to convey to others by the use of words . . . ." 1 A. Corbin, Contracts § 106, at 474 (1963). Intent, therefore, should be determined not only in light of the instrument itself, but also in view of all the surrounding circumstances. *Guy v. Hanley, supra* at 75, 276 A.2d at 3; *Grayson v. La-Branche,* 107 N.H. 504, 505, 225 A.2d 922, 923 (1967).

In this case the trial court specifically found that "ASAP 1973" was intended by the parties to mean as soon as possible in the year 1973 and that the plaintiffs did not intend to allow the sellers to hold them to the puchase and sale agreement after the end of 1973. Since bank financing was not available from the date of the contract on August 5 through the end of 1973, the trial court correctly ruled that plaintiffs were entitled to a refund of their deposits under the specific

language and circumstances of the contract. M. Friedman, Contracts and Conveyances of Real Property § 1.5, at 49 (1963).

However, even if the contract had not specified "ASAP 1973" as the closing date, the trial court could have found that financing was not available within a reasonable time. Whether the ten months from the time of the contract in August 1973 to the time financing became available in April 1974 was a "reasonable time" was a question of fact to be determined by the trial court on the circumstances of the case. *Newcomb v. Ray*, 99 N.H. 463, 466, 114 A.2d 882, 884 (1955). The trial court found that the "time [in] which defendants would have closed the sale is unreasonable, being ten months after the purchase and sale agreement was signed, and four months after the closing date." This was not error. Restatement (Second) of Contracts § 267 (c), Comment *d* (Tent. Draft No. 8, 1973); Restatement of Contracts § 276 (a), (d) (1932).

*Defendants' exception overruled.*

All concurred.