Merrimack
No. 7370

Original
No. 7408

PAUL A. RINDEN

v.

ARTHUR G. MARX, PRESIDING JUSTICE,
CONCORD DISTRICT COURT, & a.

January 31, 1976

*Maynard, Dunn & Phillips* and *Jay M. Niederman (Mr. William Maynard* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Peter W. Heed,* attorney *(Mr. Heed* orally), for the defendant.

PER CURIAM.  The plaintiff is a lawyer who on March 29, 1975, was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262:A-62 (Supp. 1975) and on April 26, 1975, with intoxication in violation of RSA 644:5 (1974). The complaints were brought in the Concord District Court and during the month of May 1975 the two justices of that court disqualified themselves to hear the complaints because of pending business and legal engagements with the plaintiff.

On June 6, 1975, Judge Ekstrom of the Concord District Court, after consultation with counsel for the plaintiff and the prosecution and consultation with Judge Arthur Marx to determine his availability, appointed Judge Marx as special justice of the Concord District Court to hear the complaints against the plaintiff. Judge Marx was at that time the presiding justice of the Hooksett District Court and we take judicial notice of the fact that he is now the justice of the Concord District Court.

On June 14, 1975, the plaintiff as counsel for Willis S. Dyment, Jr., brought suit against the Plausawa Valley Associates, Inc., for damages for injuries allegedly sustained in a fall on a stairway at the Plausawa Valley Country Club. Service in the suit was made on Judge Marx as clerk of Plausawa Valley Associates, Inc. It appears that Judge Marx had been clerk of the corporation but was not clerk at the time suit was brought although he remains a stockholder and member of the golf club. It also appears undisputed that the corporation is covered in the suit by liability insurance in excess of the ad damnum in the writ.

On June 24, 1975, plaintiff moved in the Concord District Court that Judge Marx recuse himself because of the *Dyment v. Plausawa Valley Associates, Inc.* suit. On July 1, 1975, Judge Marx, after hearing, denied plaintiff's motion, refused to transfer plaintiff's exception to this court in advance of trial, but continued the trial on the merits. Plaintiff then brought a petition for a writ of mandamus in the superior court seeking an order to require Judge Marx to disqualify himself. This was dismissed after hearing by *Loughlin,* J., who reserved and transferred plaintiff's exceptions in No. 7370. On December 26, 1975, plaintiff brought a petition for mandamus

in this court (No. 7408) seeking the same relief and the two cases were consolidated for argument.

Plaintiff's claim appears to be that an attorney representing a plaintiff in a tort action against a corporation, covered by liability insurance, cannot obtain a fair trial of a criminal complaint against the attorney from a judge who is a stockholder in the corporation. Plaintiff relies on Canon 3-C of the Code of Judicial Conduct, RSA 490:App. R. 25 (Supp. 1975), and apparently claims that the facts here would result in the judge having a personal bias or prejudice against the plaintiff.

It is not alleged here that the judge has any personal prejudice or hostility toward the plaintiff as was the case in *Auto Workers Flint Federal Credit Union v. Kogler,* 32 Mich. App. 257, 188 N.W.2d 184 (1971), relied upon by the plaintiff. While the interest of the judge in the outcome of the civil action brought by the plaintiff is largely academic, in any event it can hardly be thought that a lawyer judge would entertain animosity toward a lawyer for bringing a suit. Whether the plaintiff is found guilty or innocent of the charges against him will have no effect on the civil suit.

"The facts relating to the alleged disqualification do not fall within any reason for disqualification provided by the Code of Judicial Conduct adopted effective May 1, 1973. RSA 490:App. R. 25 3-c. Neither can they be said to constitute facts 'from which a sane and reasonable mind might fairly infer personal bias or prejudice on the part of the judge.' *Hurd v. Letts,* 152 F.2d 121, 122 (D.C. Cir. 1945) . . . ." *Bricker v. Sceva Speare Hosp.,* 114 N.H. 229, 233, 317 A.2d 563, 566 (1974). Under the circumstances of this case we conclude that mandamus will not lie.

*Exceptions overruled; petitions dismissed.*