Nashua District Court
No. 7404

STEPHEN L. GAYNES & a.

v.

WALTER E. ALLEN & a.

July 30, 1976

*Jerome L. Silverstein,* by brief and orally, for plaintiffs Stephen L. and Sandra Gaynes.

*Leo R. Lesieur,* by brief and orally, for defendants Walter E. and Geraldine L. Allen.

LAMPRON, J. Action by plaintiffs to recover a deposit of $1000 made under a written agreement of purchase and sale of certain premises in Nashua. The Trial Court *(Pantelas,* J.) made certain findings and rulings and returned a verdict for the defendants. The court also denied plaintiffs' motion to set aside the verdict. Plaintiffs' exceptions were transferred to this court under RSA 502-A:17-a (Supp. 1975).

The sales agreement drawn by the defendant Walter Allen, a builder of small homes, called for a sale price of $43,900 with a deposit of $1000 being acknowledged. It contained the following clause: "This agreement is subject to the buyer obtaining available financing". There was evidence that on August 13, 1974, the day the agreement was signed, Walter Allen introduced the plaintiffs to the assistant vice-president of the First Federal Savings and Loan Association in Nashua and that they filed an application for a loan. By letter dated August 15, 1974, received by the plaintiffs at their home in New Jersey, this bank notified them that a loan in the amount of $30,500 for a term of 25 years at an interest rate of 9¾ percent had been approved. Among the terms and conditions of the loan were the following: "6. The stipulated rate of interest may be increased, but only after a three month written notice to borrower. 7. There will be a prepayment penalty on payments in excess of 20% of original principal amount. None on a bona fide sale." The plaintiffs testified that they refused to accept the loan because of these two conditions.

There was evidence that the plaintiffs tried to obtain a mortgage from their bank in New Jersey and called four or five other banks without success. No evidence was introduced that the terms of the loan offered by the First Federal were unreasonable in the mortgage money market existing at that time. This court has warned that: "Contracts for the purchase and sale of real estate which are subject to subsequent or future financing provisions have proved to be a fertile breeding ground for litigation." *Grayson v. LaBranche,* 107 N.H. 504, 505, 225 A.2d 922 (1967); *Makris v. Nolan,* 115 N.H. 135, 136, 335 A.2d 655, 656 (1975). The parties were not represented by counsel when the agreement

was signed. There was evidence that Stephen Gaynes had been employed by a finance corporation for about a year, and that he studied business administration and had participated in the purchase of two homes prior to the present one. We hold that the trial court properly found and ruled that the loan offer made by the First Federal met the contract condition that it was "subject to the buyer obtaining available financing".

The plaintiffs also contend that the omission in the agreement of a statement that the deposit was to be forfeited or retained as liquidated damages upon default by the purchasers requires that it be refunded. The prevailing law is otherwise. 77 Am. Jur. 2d *Vendor and Purchaser* § 499 (1975); Annot., 31 A.L.R.2d 8, 96 (1953). Most courts hold that even in the absence of the above provisions in the agreement, the seller upon default by the buyer can retain the deposit made, provided it does not unreasonably exceed the damage sustained by the seller. *Newcomb v. Ray,* 99 N.H. 463, 467, 114 A.2d 882, 884 (1955); *Wilkins v. Birnbaum,* 278 A.2d 829, 830-31 (Del. 1971); 5 Williston, Contracts § 779 (Jaeger ed. 1961). A deposit of $1,000 on a sale price of $43,900 could be found to reasonably represent the damage caused to the defendants by the default in the absence of evidence to the contrary. *Newcomb v. Ray, supra* at 467, 114 A.2d at 884.

There is nothing in the record from which personal bias or prejudice on the part of the trial judge may be fairly inferred. *Rinden v. Marx,* 116 N.H. 58, 60, 351 A.2d 559, 560 (1976). Nor is there any basis for the claims that plaintiffs were denied due process of law or the equal protection of the laws.

*Judgment for defendants.*

All concurred.