Milford District Court
No. 7703

JACQUELINE A. BRUYERE & a.

v.

JADE REALTY CORPORATION

June 27, 1977

*Devine, Millimet, Stahl & Branch,* of Manchester, *William S. Gannon* and *Gregory D. Prymak,* of Manchester (*Mr. Prymak* orally), for the plaintiffs.

*Woodbury & Rowe,* of Milford *(David Woodbury* orally), for the defendant.

PER CURIAM. The issue herein is whether the plaintiffs are entitled to recover their deposit upon a piece of real estate, where the obligations under the purchase and sale agreement were made subject to the buyers' obtaining of bank financing and such financing was first granted but then subsequently revoked due to the plaintiffs' decision to file for divorce. For the reasons which follow below, we hold that the plaintiffs are not entitled to the return of their deposit.

The plaintiffs deposited $1,000 with the defendant in accordance with a purchase and sale agreement between the parties for a piece of residential real estate, dated May 16, 1975, which provided that the contract was "subject to financing at $7\frac{3}{4}\%$ for thirty (30) years." The closing date was set for August 1, 1975. The plaintiffs applied for financing approval from the Nashua Federal Savings and Loan Association, which was granted on June 17, 1975. Marital problems between the plaintiffs at this time led them to decide to separate and file for divorce. The lender was informed of this development on June 30, 1975, by Mrs. Bruyere, who proposed that she alone purchase the home and assume the financing terms outlined in the bank's previous letter of commitment. The bank declined, stating that one income would not suffice to carry the mortgage in question, and withdrew its financing commitment. Alternative financing could not be arranged, and the deal fell through. The plaintiffs sought the return of their deposit. They argued that they had not breached their agreement, for their obligation was expressly conditioned on the obtaining of financing, and such financing was not available to them as of August 1, 1975, the date of closing. The District Court *(Kfoury,* J.) agreed, and granted a verdict for the plaintiffs. The defendant's exceptions thereto were reserved and transferred.

We cannot adopt the plaintiffs' position. It is true, as they allege, that the grant of bank financing was a condition precedent to the obligations under the contract. *See Rogers v. Cardinal Realty Inc.,* 115 N.H. 285, 339 A.2d 23 (1975); *Makris v. Nolan,* 115 N.H. 135, 335 A.2d 655 (1975); Annot., 81 A.L.R.2d 1338 (1962). The purpose of this frequently utilized provision, however, is merely to protect prospective purchasers from committing a technical breach of contract due to their inability, based on the facts and

circumstances present at the time of the signing of the purchase and sale agreement, or due to some fortuitous intervening event, to secure the funds necessary to complete the purchase. The defendant herein contracted with a married couple. The conditional financing provision was inserted under the understanding that the mortgage would be sought by two wage earners. The seller was able to weigh the plaintiffs' likelihood of success under these conditions, and accepted the studied risk of taking its property off the market despite the possibility that the transaction might fail. We do not believe the intent of the financing clause was to place upon the seller the hazard that the plaintiffs would alter their circumstances, and therefore their borrowing potential, through a voluntary act of their own.

██ We hold that the intent of the financing clause is to protect the buyer from involuntary breach. Where, however, the condition precedent of financing is first satisfied, but then fails because of some action voluntarily undertaken by the buyer, we find that the risk of the failure of the transaction is properly imposed upon the party who so acts, and not upon the innocent seller.

*Exceptions sustained.*