Carroll
No. 7977

KENNETH LEAVITT & *a.*

v.

TRUMAN R. FOWLER & *a.*

September 18, 1978

*Gary R. Cassavechia*, of Rochester, by brief and orally, for the plaintiffs.

*James J. Kalled*, of Wolfeboro, by brief and orally, for the defendants.

LAMPRON, C.J.    This case involves a petition for specific performance of a purchase-and-sale agreement for land and buildings located in Ossipee. The Superior Court (*Brock*, J.) granted specific performance and, *inter alia*, ordered that the plaintiffs pay $5,350.40 to the defendants for accrued interest and rent. The defendants have excepted to the failure of the trial court to grant certain findings of fact and rulings of law. We affirm.

On April 8, 1975, the parties entered into a written purchase-and-sale agreement in which the plaintiffs agreed to purchase the Ossipee property from the defendants for $37,000. In accordance with the agreement, the plaintiffs immediately took possession of the property and have continued to reside on the property ever since. The agreement stipulated that the closing was to take place on or before September 15, 1975, and that if "the Purchaser [sic], without cause, does not purchase within a reasonable time after September 15, 1975, or that an extension of this agreement is not entered into . . ." the $2,000 downpayment plus interest would become the property of the sellers as liquidated damages. The following clause was also part of the agreement: "This agreement and the obligations and rights hereunder are contingent upon the Purchaser [sic] being able to

obtain Farmers Home Administration financing at such rate of interest and other terms as the Purchaser [sic] in their sole discretion shall deem reasonable."

An application for Farmers Home Administration (hereinafter FmHA) financing was filed by the plaintiffs in March 1975, approximately one month before the purchase and sale agreement was signed. On September 23, 1975, after protracted delays in processing the mortgage application the plaintiffs were orally informed that they did not qualify for FmHA financing. The trial court found that the delays were not the fault of the plaintiffs. A final written denial of the financing was forwarded to the plaintiffs on November 10, 1975.

The plaintiffs then made application to the Wolfeboro National Bank for conventional financing. Within two weeks, the plaintiffs received a loan commitment from the bank, and a closing date of December 17, 1975, was established by the bank. On December 4, 1975, after learning about this loan commitment, the defendants notified the bank that they considered the contract null and void because a closing was not effected by September 15. The trial court found that the plaintiffs, at all times subsequent to the loan commitment of the Wolfeboro National Bank, have stood ready, willing, and able to perform, but the defendants have refused to convey title.

The defendants contend that the purchase-and-sale agreement is null and void for two reasons: the failure to close by September 15, and the failure of the plaintiffs to obtain the financing from Farmers Home Administration. We disagree.

When time is not made of the essence in a contract, although a certain period of time is stipulated for the contract's completion, equity treats the time limitation as formal rather than essential, and permits a party to compel specific performance notwithstanding his own delay. *Moore v. Sterling Water Indus. Inv. Corp.*, 114 N.H. 520, 323 A.2d 581 (1974); *Guy v. Hanley*, 111 N.H. 73, 276 A.2d 1 (1971); 4 J. Pomeroy, A Treatise on Equity Jurisprudence § 1408 (5th ed. 1941); 3 American Law of Property § 11.45 (A. J. Carner ed. 1952). If time is not of the essence in a purchase-and-sale agreement, a party will have a reasonable period of time after the specified closing date in which to perform his obligations under the contract. The delay, however, cannot be willful or cause harm to the other party.

The trial court found that time was not of the essence in this contract. There is sufficient evidence to support this finding. The instrument itself shows that time was not to be considered of the essence:

the contract fails to mention anything about time being essential to the performance of the parties, and also states that the buyers' performance is to be "within a reasonable time after September 15, 1975." Further support is evidenced in the actions of the parties. Specifically, neither party was prepared to close on the proposed date, the defendants were away on vacation and had not executed a deed, and the defendants testified that there was nothing unique about the property that would cause a fluctuation of its value or a change in its condition.

Since time was not of the essence, the plaintiffs had a reasonable time after September 15, 1975, to perform. The trial court found that the December 17 closing date set by the bank was a reasonable period of time. We cannot say under these facts that the lower court erred.

Defendants' argument that plaintiffs' failure to obtain FmHA financing negated the contract is also without merit. When a provision is placed in a contract for a party's benefit, that party may waive the beneficial provision and proceed with his performance under the contract. *Twining v. National Mortgage Corp.*, 268 Md. 549, 555, 302 A.2d 604, 607 (1973). The court below found that the clause stipulating that the purchase of the property was conditioned on the plaintiffs' ability to obtain FmHA financing existed for their benefit. This is obviously supported by the evidence. The defendants even testified that it made no difference to them where the money came from. By obtaining the conventional financing the plaintiffs waived this provision, and were therefore able and willing to close the transaction within a reasonable time period. Cf. *Bruyere v. Jade Realty Corp.*, 117 N.H. 564, 375 A.2d 600 (1977). Specific performance was properly granted.

The defendants also argue theories of material misrepresentation and lack of mutuality of obligation. The record does not show that these issues were raised at the trial below. They cannot, therefore, be raised for the first time in this court. *Hauser v. Calawa*, 116 N.H. 676, 679, 366 A.2d 489, 492 (1976). Furthermore, the record does not mandate findings for defendants on those issues.

*Exceptions overruled.*

BROCK, J., did not sit; the others concurred.