Belknap
No. 82-401

GLENN RANDALL & a.

v.

DONALD RIEL & a.

August 31, 1983

*Stephen R. Fine & Assoc., P.A.*, of Manchester (*Charles A. Meade* on the brief and orally), for the plaintiffs.

*Bruce F. DalPra*, of Manchester, by brief and orally, for the defendants.

BATCHELDER, J.   This is an appeal from a decision of the Belknap County Superior Court (*Dunfey*, C.J.), approving the report of a Master (*Bernard I. Snierson*, Esq.), which strictly enforced the forfeiture clause in a contract or bond for deed. For the reasons which follow, we reverse and remand.

The factual situation which gives rise to the question involved in this appeal may be simply stated. The plaintiffs, Glenn and Sharon Randall, signed an agreement with the defendants on November 28, 1980, which the parties referred to as a "bond for deed." The agreement called for the plaintiffs to purchase land and buildings in Barnstead for $49,900, payment for which was to be as follows: a down payment in the amount of $14,900 and the balance of $35,000 in 240 monthly payments of $397.65 each, beginning January 1, 1981. The prescribed payments reflected accrued interest at the rate of 12.5% per annum. Pursuant to this agreement, the plaintiffs took possession of the premises on or about December 20, 1980. Under the terms of the agreement, title was to remain with the sellers until all payments had been made, but the plaintiffs retained the right to accelerate their purchase. The particular clause in the agreement which gives rise to this appeal provided:

> "In the event of the default of the buyer, the buyer may have sixty days to pay the entire unpaid balance and receive a deed to the property, or the seller may, if the seller so desires, retain all payments as liquidated damages."

The agreement also provided that the plaintiffs pay the real estate taxes and insurance.

Within a year after entering into the above-described agreement, the plaintiffs became unable to make the required monthly payments, and the defendants were forced to pay the 1981 taxes. Consequently, the defendants served the plaintiffs with a notice to quit and later obtained a writ of possession. The plaintiffs, in turn, filed a bill in equity seeking a temporary injunction to prevent eviction and to recover the $14,900 down payment, plus any accumulated equity in the property resulting from an increase in its value since the date of the agreement. Several hearings were held, and the plaintiffs voluntarily surrendered possession of the property pending final resolution of the issues regarding damages. As stated previously, the master's approved recommendation called for strict enforcement of the contract's forfeiture clause, so that all payments were to be retained by the defendants. The plaintiffs appealed that ruling.

The terms "contract for deed," "bond for deed" and "installment land contract" are synonymous, and are used to describe the most commonly employed mortgage substitute. G. OSBORNE, G. NELSON, & D. WHITMAN, REAL ESTATE FINANCE LAW § 3.25, at 79 (1979) (hereinafter cited as OSBORNE, NELSON & WHITMAN); *see also Tromblay v. Dacres*, 135 Vt. 335, 339, 376 A.2d 753, 756 (1977). These agreements usually contain the following provisions: the pro-

spective purchaser, after making a down payment, occupies the property, and pays in monthly installments the balance of the principal and interest. The vendor, however, retains legal title until the final payment is made. During the contract term, the purchaser normally assumes responsibility for paying the taxes and insurance and promises to keep the property in good repair. OSBORNE, NELSON & WHITMAN, *supra* at 79. Ordinarily, these agreements contain a liquidated damages or penalty provision. *Id.* at 80.

Our court has made a distinction as to whether or not a stipulated sum in a contract, such as the one before us, is in fact enforceable as liquidated damages or is a penalty. We have stated that:

> "'A provision in a contract for the payment of a stipulated sum will be regarded and enforced in the event of its breach, as one for liquidated damages, when three conditions coexist, to wit: (1) that the damages to be anticipated as resulting from the breach are uncertain in amount or difficult to prove; (2) that there was an intent on the part of the parties to liquidate them in advance; and (3) that the amount stipulated was a reasonable one, that is to say, not greatly disproportionate to the presumable loss or injury.'"

*Langlois v. Maloney*, 95 N.H. 408, 412–13, 64 A.2d 697, 701 (1949) (quoting *Schoolneck v. Gold*, 89 Conn. 110, 113, 93 A. 124, 125 (1915)). This standard for determining the enforceability of a damages provision is essentially the same as that set forth in section 339 of the Restatement of the Law of Contracts (1932), which provides in part that:

> "An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect damages recoverable for the breach unless (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) the harm . . . is one that is incapable or very difficult of accurate estimation."

*See Langlois v. Maloney*, 95 N.H. at 413, 64 A.2d at 701–02. In a situation analogous to the case at hand, we have held that a buyer in default under a purchase-and-sale agreement may recover a portion of a $10,000 down payment against a $33,000 contract obligation because the down payment exceeded the loss incurred by the seller. *Newcomb v. Ray*, 99 N.H. 463, 468, 114 A.2d 882, 885 (1955); *see also Gaynes v. Allen*, 116 N.H. 469, 471, 362 A.2d 197, 199 (1976).

760

In the instant case, the master made no determination as to the reasonableness of the amount to be retained by the defendants. Instead he stated that he knew "of no law . . . which would affect the valid value of the contract and the strict enforcement of its terms. . . ." Because the master failed to consider the relevant law, that is, whether the damages retained by the defendants were reasonable, and whether there was a means to calculate the damages, we remand. At the hearing on remand, reasonable damages should be determined as the difference between the market value of the property and the contract price, plus such other special damages as may have resulted from the plaintiffs' breach of the contract for deed. *Cf. Bower v. Davis & Symonds Lumber Co.*, 119 N.H. 605, 609, 406 A.2d 119, 122 (1979) ($10,000 liquidated damages provision was reasonable because property was sold in an arms-length transaction after breach for $90,000, which was less than $100,000 contract price).

*Reversed and remanded.*

BOIS, J., did not sit; the others concurred.