**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0648, <u>Edwin LeBel & a. v. Iris Buzzell</u>, the court on March 30, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Iris Buzzell (tenant), appeals a small claim judgment issued by the Circuit Court (<u>Carroll</u>, J.) in favor of the plaintiffs, Edwin LeBel and Kathleen LeBel (landlord). She contends that the trial court erred by: (1) ruling in equity rather than on the contract; and (2) finding that time was of the essence in the contract. In this case, the defendant has not supplied a transcript of the hearing before the trial court. Therefore, we assume that the evidence was sufficient to support the result reached by the trial court, <u>see</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004), and examine the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).

We first address whether the trial court ruled in equity rather than on the contract. We conclude that the trial court did not rule in equity. <u>See</u> <u>Fischer v. Superintendent, Strafford County House of Corrections</u>, 163 N.H. 515, 519 (2012) (stating interpretation of court order is question of law, which we review <u>de novo</u>). The trial court addressed the terms of the contract, concluded that the parties intended time to be of the essence, and found that the tenant intended not to comply with the contract. Its reference to the tenant's "callousness" was in support of its finding that the tenant intended not to comply with the contract deadline. The damages it awarded were based upon the contract and constituted the amount of the back rent.

The trial court's only arguable reference to equity occurred in the context of damages, where it noted that the tenant had been "unjustly enriched" by failing to pay the back rent, which the landlord had agreed to forgive if the tenant vacated the property by the date and time stated in the contract. In this context, we do not interpret the trial court's use of the phrase "unjustly enriched" to mean that it was awarding restitution rather than damages under the contract.

We next address whether time was of the essence in the contract. The interpretation of a contract is a question of law, which we review <u>de</u> <u>novo</u>. <u>Bergeron v. N.Y. Community Bank</u>, 168 N.H. 63, 67 (2015). As a general rule, time is not considered to be "of the essence" unless the contract specifically states that it is. <u>Catholic Med. Ctr. v. Executive Risk Indem.</u>, 151 N.H. 699, 703

(2005).  However, no specific language is required to make time "of the essence" under the terms of a contract.  Id.  Rather, to determine whether time is of the essence in an agreement, the trier of fact should not use a mechanical test, but should determine the intent of the parties in light of the instrument itself and all the surrounding circumstances.  Id.

In this case, the contract, which the trial court approved, explicitly stated that the landlord's forgiveness of the unpaid rent was contingent upon the tenant vacating before the stated deadline.  Furthermore, the contract identified the time for performance as the "Possession Deadline" and specified that deadline to the minute.  Cf. Leavitt v. Fowler, 118 N.H. 541, 543-44 (1978) (finding time not of the essence when purchase and sale agreement required performance within "a reasonable time after" the closing date).  Accordingly, we conclude that the parties intended time to be of the essence.

The tenant argues that:  (1) the contract included consideration on her part in addition to her promise to vacate by the deadline; (2) the contract provided the landlord with recourse in the event that she failed to vacate by the deadline and such recourse would not be instantaneous; and (3) because the trial court approved the contract, it should be strictly interpreted.  However, she does not cite, nor are we aware of, any authority that these facts vitiate the parties' intent regarding the timing of her performance.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2