# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0470, <u>Peter Schmidt v. Steven Wolhandler</u>, the court on April 1, 2020, issued the following order:**

To the extent that the defendant, Steven Wolhandler (the buyer), requests an "immediate Stay of Enforcement of the trial court's decision and judgment" in his notice of appeal, the request is denied. Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1).

The buyer appeals an order of the Circuit Court (<u>Gleason</u>, J.), entering judgment for the plaintiff, Peter Schmidt (the seller), on the seller's small claim action seeking to recover the $5,000 deposit that the buyer had agreed to pay when the parties entered into a real estate purchase and sale agreement. We vacate and remand.

In reviewing a trial court's decision rendered after a trial on the merits, we uphold its factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the evidence and determining the weight to be given evidence. <u>Id</u>. Nevertheless, we review the trial court's application of the law to the facts <u>de novo</u>. <u>Id</u>.

On appeal, the buyer argues that the trial court erred by concluding that the liquidated damages provision in the parties' agreement was enforceable. We review the trial court's interpretation of the agreement <u>de novo</u>. <u>Orr v. Goodwin</u>, 157 N.H. 511, 514 (2008). When interpreting a written agreement, we give the language used by the parties its reasonable meaning, considering the circumstances and the context in which the agreement was negotiated and reading the document as a whole. <u>Id</u>.

"Before a liquidated damages clause will be enforced, three conditions must be met: (1) the damages anticipated as a result of the breach are uncertain in amount or difficult to prove; (2) the parties intended to liquidate damages in advance; and (3) the amount agreed upon must be reasonable and not greatly disproportionate to the presumable loss or injury." <u>Id</u>.; <u>see</u> <u>Shallow</u>

Brook Assoc's v. Dube, 135 N.H. 40, 46 (1991); see also Langlois v. Maloney, 95 N.H. 408, 412-13 (1949). Only the third condition is at issue in this case.

The third condition "requires that the amount stipulated was a reasonable one, that is to say, not greatly disproportionate to the presumable loss or injury." Orr, 157 N.H. at 515 (quotation omitted). "[W]e have adopted a two-part test for assessing the reasonableness of the amount stipulated whereby we first judge whether the provision was a reasonable estimate of difficult-to-ascertain damage at the time the parties agreed to it." Id. (quotation omitted). "If it is a reasonable estimate, we must then conduct a retrospective appraisal of the liquidated damages provision, and if the actual damages turn out to be easily ascertainable, we must then consider whether the stipulated sum is unreasonable and grossly disproportionate to the actual damages from a breach." Id. "If so, the liquidated damages provision will be deemed unenforceable as a penalty, and the aggrieved party will be awarded no more than the actual damages." Id. "Thus, even if the liquidated sum is reasonable in light of the anticipated or presumable loss, the provision will not be enforced if the actual loss to the party is minimal and easy to prove." Id. (quotation omitted). As the party alleging that the liquidated damages amount is unreasonable, the defendant bears the burden of proof. See id. In a land sale contract, the proper measure of damages is the seller's loss of bargain; that is, the difference between the contract price and the actual value of the real estate at the time of breach, id. at 516, "plus other special damages as may have resulted from the . . . breach," Randall v. Riel, 123 N.H. 757, 760 (1983).

In the instant case, the buyer does not argue that the liquidated damages provision was an unreasonable estimate of difficult-to-ascertain damages at the time the parties agreed to it. See Orr, 157 N.H. at 516; see also Dube, 135 N.H. at 49. Thus, we assume without deciding that the first consideration is satisfied.

As to the second consideration, the retrospective appraisal of the liquidated damages provision, here, the trial court found only that "it is more likely that [the seller] sustained damages." The trial court made no determinations as to whether those damages are easily ascertainable or whether the stipulated sum is unreasonable and grossly disproportionate to them. See Orr, 157 N.H. at 516; see also Randall, 123 N.H. at 760. Because the trial court failed to apply the applicable law and make the requisite factual findings, we vacate its decision and remand for further proceedings consistent

with this order.  <u>See</u> <u>Randall</u>, 123 N.H. at 760.  In light of our decision, we decline to address the buyer's remaining arguments.

<u>Vacated and remanded.</u>

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**