**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0721, <u>Craig F. Difeo v. Brian W. Colsia & a.</u>, the court on August 19, 2020, issued the following order:**

Having considered the brief filed by the plaintiff, Craig F. Difeo, and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Superior Court (<u>Schulman</u>, J.) finding in favor of the defendants, Brian W. Colsia and Waterway Realty, LLC, on the plaintiff's damages claims. We affirm.

The trial court could have found the following facts. This case involves two foreclosure auctions of the same mixed-use property in Kingston. The plaintiff is the subrogee of the foreclosing bank. At the first auction, held in August 2014, the defendants purchased the property for $280,000. The closing did not take place, however. Accordingly, the foreclosing bank retained the defendants' $10,000 deposit as liquidated damages and held another foreclosure auction in November 2014. The property sold at the second auction for $100,000 less than it sold at the first auction. The plaintiff alleges that the property sold for less at the second auction than it did at the first auction because the defendants committed waste and damaged the property between August and November 2014. Following a bench trial, the trial court ruled in favor of the defendants, and this appeal followed.

We will uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>Marist Bros. of N.H. v. Town of Effingham</u>, 171 N.H. 305, 309 (2018). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Id</u>.

The trial court found "no evidence, whatsoever" that the defendants "committed waste or otherwise damaged the premises." The court further found that the plaintiff failed to prove, by a preponderance of the evidence, that the defendants "converted any personalty or fixtures that had been left" at the property. The court also decided that the defendants were not unjustly enriched, even though they collected approximately $2,000-$2,500 in rent from the property's tenants, because this amount was less than what they paid to restore electrical service to the tenants and make other necessary repairs.

On appeal, the plaintiff does not challenge these factual findings, which are supported by the trial testimony of Colsia and other witnesses. Rather, the plaintiff argues that the defendants proximately caused his damages because they failed to close on the property. The trial court ruled, however, that the plaintiff could not bring this claim as the foreclosing bank's subrogee because the bank's "acceptance of liquidated damages, as explained in [the] court's prior order" waived such claims. As the trial judge explained at trial:

> I do feel, as from the previous order, that the bank snuffed out its own claim for any reduction in the . . . foreclosure price caused by having to do the second foreclosure. I mean, that's why they kept the liquidated damages. So we could all sit here and say, why did it first close for 280[,000] and then closed for 180[,000], that's 100,000 dollars difference?
>
> But the bank, to the extent Mr. Colsia's inability to close was the cause of that, the bank waived that claim. And, therefore, [the plaintiff] who was then subrogated to that because the bank took the liquidated damages.

(Emphasis added.) The plaintiff asserts that this ruling was error because the liquidated damages clause in the memorandum of sale between the defendants and the foreclosing bank was unenforceable.

"Before a liquidated damages clause will be enforced, three conditions must be met: (1) the damages anticipated as a result of the breach are uncertain in amount or difficult to prove; (2) the parties intended to liquidate damages in advance; and (3) the amount agreed upon must be reasonable and not greatly disproportionate to the presumable loss or injury." Orr v. Goodwin, 157 N.H. 511, 514 (2008). The plaintiff argues that conditions (2) and (3) are not met in this case. However, he has not provided a record demonstrating that he made that argument in the trial court.

Generally, parties may not have appellate review of matters not raised at trial. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250, (2004). It is the appealing party's burden, here the plaintiff, to provide us with a record demonstrating that he preserved his appellate issues for our review. Id.

The record submitted on appeal does not demonstrate that the plaintiff ever argued in the trial court that the liquidated damages clause is unenforceable because it fails to meet conditions (2) and (3). That argument was not part of the memorandum he submitted to the trial court. Nor did the plaintiff make the argument during the bench trial. The record submitted on appeal does not include any pleading or the transcript of any hearing at which the plaintiff challenged the validity of the liquidated damages provision on the

2

same grounds that he asserts in this appeal.  Under these circumstances, the plaintiff has not preserved his appellate argument for our review.

Even if we were to waive our preservation rule, we would be unable to address the plaintiff's argument substantively because he did not include in the appellate record a copy of the trial court's prior order regarding the liquidated damages clause.  As the appealing party, the plaintiff also had the burden of providing us with a record sufficient to decide his appellate issues. Id.  Without a copy of the trial court's prior order regarding the liquidated damages clause, we are unable to determine whether, as the plaintiff argues, the trial court's order was incorrectly decided.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3